# Newman, &c., v. Ecton, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. SALES—REPEAL OF REMEDIAL ACT.—The adoption of the Code of Practice did not have the effect to repeal a remedial act found in the General Statutes, where there was no remedy for the enforcement of the right found in the Code.

   The provisions of chapter 63, article 6, of the General Statutes, in so far as they affect sales of contingent or defeasible interests in land, are not repealed by the Civil Code.

MORTON V. JOYES FOR APPELLANTS.

1. The sale could not have been had under the provisions of sec. 491 of the Civil Code, because the estate is not a "particular estate," but a defeasible fee as held by this court in Ecton v. Smith, 6 Ky. L. R., 216.

2. The Code was intended to furnish a complete system of laws in a condensed-form relating to pleading and practice, and by its express provisions laws within the purview of its provisions are repealed. (Civil Code, sec. 838 Broadus v. Broadus, 10 Bush, 307.)

C. B. SEYMOUR FOR APPELLEES.

1. The repealing clause of the General Statutes which was construed in Broadus v. Broadus, 10 Bush, were that all statutes "which are repugnant thereto" were repealed, while the Civil Code repeals all "laws within the purview of its provisions." The framers of the Code evidently had in view this distinction, and only intended the Code to repeal other laws in states of case provided for by the Code.

2. Repealing all "laws within the purview of its provisions" means in such cases as are provided for in the repealing act, and no others. (Payne v. Conner, 3 Bibb, 181; Patterson v. Caldwell, 1 Met., 495; Com. v. Watts, 84 Ky., 544; Kean v. Tilford, 81 Ky., 602.)

LANE & BURNETT OF COUNSEL ON SAME SIDE.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In the case of Ecton v. Smith, decided in September, 1884 (6 Ky. L. R., 216), it was held that the character

*This case was only recently ordered to be officially reported.

of estate held by Alice Ecton, etc., under her father's will
was a defeasible fee. At the suit of Ecton and his
wife, Alice, this estate, or a part of it, was sold in
a proceeding conforming to the requirements of chap-
ter 63, General Statutes, article 6, and the lots pur-
chased by the appellant. It is insisted that the adop-
tion of the Code of Practice repealed the General
Statutes in so far as it affected sales of contingent in-
terest in land or of interests subject to be defeated in
the event of the happening or non happening of a cer-
tain event. This court in the case of the Common-
wealth v. Watts, reported in 84 Ky., expressly held
that the repealing clause of the code is to be under-
stood as repealing all acts in relation to cases that
are provided for by the repealing act, and in
that clause of the General Statutes in force
under which this proceeding was had, there is
both a right and a remedy to enforce it, created
by the statute, and while the code is intended to furn-
ish the remedy, there are many rights created by it
other than mere remedy. Since finding such an inter-
mingling of rights and remedies in the code and stat-
utes, this court holds that a remedial act found in the
General Statutes is not repealed unless a remedy for
the enforcement of the same right is found in the Code
of Practice. This being the case, the chancellor was
authorized to adjudge the sale. The trouble in this
case is that no such statute referred to by appellant
is found in the edition of the General Statutes of 1888,
but in the statutes of 1883, the sale of contingent in-

terests is authorized, and that statute stands unre-
pealed.