CASE 65—SUIT BY ELIZABETH RODMAN AS TRUSTEE AND OTHERS
AGAINST JOHANNA R. MURRAY AND OTHERS FOR A CONSTRUCTION OF
THE WILL OF THOMAS RODMAN, DECEASED, AND FOR SALE AND RE-
INVESTMENT OF CERTAIN REAL ESTATE.—JUNE 3.

# Crutcher v. Rodman, &c.

APPEAL FROM FRANKLIN CIRCUIT COURT—JAMES E. CANTRILL, CIR-
CUIT JUDGE.

FROM THE JUDGMENT CONFIRMING THE SALE OF LAND THE PURCHASER,
GENEVA B. CRUTCHER, APPEALS. REVERSED.

TESTAMENTARY TRUST—SALE OF REAL ESTATE—REINVESTMENT—STAT-
UTES—ACTIONS—PARTIES PLAINTIFF.

1. Civ. Code Prac., sec. 489, authorizes the sale of a vested
   estate of an infant, or of a person of unsound mind, in real prop-
   erty, by order of a court of equity, in certain cases, and sec-
   tion 490 provides that a vested estate in real property owned
   jointly by two or more persons may be sold by order of a court
   of equity in certain cases, though the plaintiff or defendant be
   a person of unsound mind, or an infant. HELD, that such sections
   applied only to "vested estates," and did not authorize the sale
   of an infant's interest in real property which was a contingent
   remainder, dependent on the event of the infant surviving the
   life tenants.

2. Civ. Code Prac. sec. 491, provides that in an equitable action by
   the owner of a particular estate of freehold in possession, or by
   his committee if he be an infant, against the owner of the re-
   version or remainder, though he be an infant or of unsound mind,
   and against the owner of the particular estate, real property may
   be sold for investment of the proceeds in other property. Before
   a sale can be had under such section, the guardian of the infant
   is required to execute bond to faithfully discharge his duty, and
   to comply with the orders of the court. Section 493, subd. 5,
   however, declares that in a sale under section 491, the court by
   its commissioner, shall retain custody of the fund realized until
   reinvested and the court shall order the money to be paid by
   the commissioner directly to the person from whom the purchase
   for reinvestment is made in which case no bond shall be required.
   HELD, that where in case of the sale of an infant's contingent in-
   terest in real property under sec. 491, no bond was given by the

Crutcher v. Rodman, &c.

testamentary trustee, it was error to order that the purchase-money bonds be made payable to such trustee, who was a non-resident of the State, and not to the court's commissioner.

3. Where a suit was brought to obtain a sale of real estate devised, in which certain minors held a contingent remainder interest, and such suit was brought by one of the owners of the particular estate, and all the other owners were made parties, as authorized by Civ. Code Prac. sec. 491, it was not necessary that the guardian of the infants should be the party plaintiff.

FRANK CHINN, ATTORNEY FOR APPELLANT.

Appellant is willing to pay the price bid for the land if the proceedings are sufficient to invest her with a good title thereto.

The exceptions are (1) that the action was not brought on behalf of the statutory guardian of the infant defendants; (2) that no bond has been executed to the infant; and (3) that the bond of the purchaser is made payable to the plaintiff Elizabeth Rodman as trustee instead of the commissioner of the court.

T. L. EDELEN, ATTORNEY FOR APPELLEE.

1. The objection made by the purchaser that the action was not brought by the statutory guardian of the infants ought not to be maintained, because they have no statutory guardian.

2. The provision of the Code requiring that the action be brought by the guardian is applicable solely to a several estate in possession and not to a joint estate in remainder.

3. The testator provided in his will that Miss Lizzie Rodman should qualify as trustee for these children without bond, and under this direction the court had the discretion to make the bond for the land payable to her without requiring her to give security and the third objection is untenable for the same reason.

4. Under the statute a purchaser of trust funds is not required to see to the application of the purchase money.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

This suit was brought originally for a construction of the will of Thomas Rodman, deceased, and to confirm the sale by the executors of the will and the testamentary trustee thereunder of a certain house and lot in Frankfort, devised by the testator to his three daughters. The nature of the

estate created in this property was the fee to an undivided
one-third to Elizabeth, life estates in the remaining two-
thirds to Johanna and Sue, one-third to each, with remain-
der to their surviving children. Their children now living are
infants. See opinion of former appeal, Murray v. Rodman,
76 S. W., 854, 25 Ky. Law Rep., 978. The lot is unproduc-
tive owing to the expense of maintaining repairs and taxes
and other charges. It was therefore adjudged, under the
proof, that it be sold for reinvestment of the proceeds of each
parcener in other property. Appellant became the purchaser
at the decretal sale at $4,250, more than two-thirds of its
appraised value. She appeals from the judgment of the
court overruling her exceptions and confirming the sale. The
exceptions are that the judgment of sale is erroneous, if not
void, because the suit was not brought by the person au-
thorized by statute to bring it; also because the judgment
permitted and directed the purchase-money bonds to be pay-
able to the testamentary trustee, instead of to the court's
commissioner; and because the bond required by section 493,
Civil Code of Practice, was not executed.

It was intimated on the former appeal—though the ques-
tion was not then presented, and its decision appears to have
been dictum—that the proceeding to sell the lot must be
under subsection 5 of section 489, Civil Code Practice. That
this expression was regarded by the parties as not binding on
them is shown from the fact that they do not appear to have
attempted to conform to the practice necessary in proceed-
ings under that section. Before the former appeal it was the
contention of appellees that the three daughters named took
the fee-simple title to the lots; or, if that was not so, then
Elizabeth, as testamentary trustees for the others, took the
fee, with power to sell and convey and to reinvest the pro-
ceeds. Both of these positions having been denied, appellees .

have proceeded for a decretal sale of the property for pur-
poses of reinvestment, as above stated. The question is now
presented whether they have pursued the proper course. To
decide this it is first necessary to determine the exact nature
of the estate owned by the devisees, measured by the provi-
sions of the Code governing sales for reinvestment of such
estates of persons under disability. Section 489, Civil Code
of Practice, relates to sales of vested estates of infants and
persons of unsound mind. These infants have not a vested
estate in this lot. On the contrary, it is a contingent re-
mainder, dependent upon the event of their surviving the life
tenants. Nor can the proceeding be under section 490, Civil
Code of Practice, because it relates to the sale of a "vested
estate in real property owned jointly by two or more per-
sons." The term "vested estate," as used in these sections,
"includes all estates which are not contingent." Ward v.
Edge, 100 Ky., 771, 19 R., 59, 39 S. W., 440. Section 491,
Civil Code of Practice, is the only statutory provision author-
izing a proceeding in court to sell a contingent remainder in-
terest in lands of persons under disability. It provides: "In an
equitable action by the owner of a particular estate of free-
hold in possession, or by his guardian or committee if he be
an infant or of unsound mind, against the owner of the
reversion or remainder, though he be an infant or of unsound
mind, and against the owner of the particular estate if he
be an infant or of unsound mind; or, if the remainder be
contingent, against the person, if in being, in whom it would
have vested if the contingency had happened before com-
mencement of the action, though he be an infant or of un-
sound mind, and against the owner of the particular estate
if he be an infant or of unsound mind—real property may be
sold for investment of the proceeds in other real property."
In certain sales under sections 489 and 490, particularly

where the purpose is for reinvestment, and "subject to the provisions of section 491" (and other sections not applicable to this case), before a sale of the land can be ordered, the guardian of the infant must execute bond, with approved sureties worth double the value of the estate to be sold, that the guardian will faithfully discharge all his duties, and will comply with the judgments 'and orders of the court in the action, and will account for and pay to the infant all money or property due or belonging to him when required. The third subsection reads: "If the bond be not given, any order of sale, and any sale or conveyance made under such order; shall be absolutely void and of no effect." But subsection 5 of section 493 reads as follows: "In the case mentioned in section 491, the court ordering the sale shall, by its commissioner, retain the custody and control of the fund realized by the sale until the same is re-invested in real estate, or in such other property as the funds of persons under disability may be invested by authority of law, and the court shall order the money to be paid, by its commissioner, directly to the person from whom the purchase for re-investment is made, and to no other person, and in which case no bond shall be required." This subsection was an amendment to the section passed in 1892. Its purpose was to obviate the necessity of the execution of the bond. The procedure required by it was to be in lieu of the bond. The necessity for a strict conformity with the requirements of this subsection are as important to the persons intended to be protected by it as is the execution of the bond mentioned in the other subsection. It is a jurisdictional prerequisite, the strict observance of which can not be too punctiliously enforced. Elliott v. Fowler, 112 Ky., 376, 65 S. W., 849, 23 Ky. Law Rep., 1676. As indicated, the judgment of the circuit court made the purchase-money bonds payable to the testamentary trustee, who

is a nonresident of this State. This was error. The purchase-money bonds should have been made payable to the court's commissioner, and control of the fund should have been reserved by the court until it was paid out in purchase of other property, title to which is to be taken and held in the same manner as that sold. The circuit court must not only retain the custody and control of the fund, but must approve its reinvestment before it is parted with.

The argument that the will gives to the testamentary trustee the control of the trust estate, including the interests in the lot in litigation, as well as the control of its investment is unavailing. That she did not have the power of selling the lot under the terms of the will was the point decided in the former appeal. Therefore its sale, if sold at all during the infancy of the contingent remaindermen, must be under and by virtue of section 491, *supra*. The court can not exercise the jurisdiction conferred by that section, except it be done in the manner directed by the section. Consent of parties can not confer, nor can it dispense with conditions of, jurisdiction of the subject-matter. Rodman's will did not provide that the testamentary trustee could sell the lot, nor did it give her the right to reinvest its proceeds if sold by the court. So far as the trust over that property applied, it did not go beyond the control of it and the custody of the title. Her authority in investing trust funds given by the will was over the other trust property devised. The testator does not appear to have contemplated its sale for reinvestment of the proceeds in more profitable property. While the testator might have given his executors or the trustee authority to sell the lot and reinvest its proceeds without resort to any court, leaving the whole matter to the wisdom and discretion of the persons so selected, yet he did not do it. Upon

that point the will is silent. The statutory authority is therefore the only authority for the sale.

This suit is brought by one of the owners of the particular estate, and all the other owners are parties. It is not necessary, under section 491, that the guardian of the infant owner should be the party plaintiff, as is required under other conditions.

But for the reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent herewith.