SCHOOL DISTRICT OF COLUMBIA v. A. H. JONES et al., Appellants.

Division One, June 28, 1910.

1. SCHOOL DISTRICT: Corporate Existence: Collateral Attack. The corporate existence of a school district and its right to exercise corporate powers cannot be attacked collaterally—for instance, by defendants in a suit brought by it to condemn land for a schoolhouse site.

2. ———: Condemnation. City, town and village school districts have express statutory authority to exercise the power of eminent domain to acquire a schoolhouse site.

3. ———: ———: Selection of Site. The board of directors of a city school district, by a two-thirds vote, have power to select a schoolhouse site. By Section 9772, R. S. 1899, the site

for a country district is selected by a majority of the qualified voters and taxpayers of the district; but sections 9860 and 9878 provide an exception to that plan for city schools, and together provide for the selection of the site by the directors.

4. ———: ———: **Agreement With Owners.** A condemnation suit for a schoolhouse site is not to fail because the school board did not attempt to agree with the owners of the land as to the price to be paid for the same, if the district "for any other cause cannot secure a title to the same;" and where the petition details the title and it is manifest therefrom that no agreement as to price could have been made, and that the district cannot acquire title except through the court, such "cause" will be held to exist.

5. ———: ———: **Commutation of Life Estate.** Where there is no evidence as to the age of a life tenant in the condemnation suit, the court has no basis upon which to compute the value of the life estate, and a judgment decreeing to her a fixed sum cannot stand. But being proper in all other respects the cause will be remanded for a trial of that issue alone.

6. ———: ———: ———: **Assigned for Error in Motion.** An assignment in the motion for a new trial that "the verdict and judgment is against the law and the evidence and the weight of the evidence" is sufficient to raise the question of the absolute want of evidence upon any question adjudicated by the court—for instance, that there was no evidence of the age of the life tenant, and therefore no basis for the commutation of her life estate.

Appeal from Boone Circuit Court.—*Hon. N. D. Thurmond*, Judge.

REVERSED AND REMANDED (*with directions*).

*David H. Harris* and *Webster Gordon* for appellants.

(1)  If plaintiff has the right to maintain these proceedings, such authority must come from a statute, plain and unmistakable in its terms, which must be strictly followed. Statutes authorizing condemnation proceedings are to be strictly construed, and every prerequisite to the exercise of the jurisdiction observed. School District v. Dorton, 125 Mo. 439; St. Louis v.

Koch, 169 Mo. 587, 15 Cyc. 567; State v. Farrelly, 36 Mo. App. 282; Ligare v. Chicago, 139 Ill. 46; Cooley's Const. Lim. (7 Ed.), pp. 762, 763; Lewis on Eminent Domain (3 Ed.), sec. 371. The existence of the power to condemn may be controverted at any stage of the proceedings. It may be raised for the first time upon appeal or writ of error. Fore v. Hoke, 48 Mo. App. 254; Hopkins v. Railroad, 79 Mo. 98; 7 Ency. Pl. and Pr., p. 534. (2) No express authority is given school districts organized under article 2, chapter 154, R. S. 1899, to condemn lands for school site purposes. The directors may purchase but not condemn. By section 9878, under which article the Columbia School District asserts corporate existence, the board of directors of such districts are given power "by an affirmative vote of no less than two-thirds of all the members of such board to locate, direct and authorize the purchase of sites for schoolhouses," etc. It is clear that the power, if it exists, is not contained in this section but must be looked for elsewhere. Plaintiff contends that the provision in section 9860 to the effect that such school districts should "possess the same corporate powers and be governed the same as other school districts" extended to it the power of condemnation afforded by section 9772. But it does not necessarily follow that the term "any school district," occurring in said section 9772, embraces districts organized under article 2, for this court in construing the term "any district," as the same occurs in section 9747 of said article 1, has held that said term is limited in its application to country school districts. State ex rel. v. Fry, 186 Mo. 203; School District v. St. Joseph, 184 Mo. 154; School District v. Oellien, 209 Mo. 468; Buchanan v. School District, 25 Mo. App. 88; Fore v. Hoke, 48 Mo. App. 262; Detroit v. Railroad, 63 Mich. 712; Knowles v. Muscatine, 20 Ia. 300; In re Liberty Alley, 8 Pa. St. 381; Widening of 34th Street, 10 Phila. 197; Lewis on Emi-

nent Domain (3 Ed.), sec. 371; Railroad v. Union Point, 119 Ga. 809.   (3)   If it be held that districts organized under article 2 of chapter 154, R. S. 1899, have the right of condemnation under the provisions of section 9772, then such power can be exercised only in the manner and upon the conditions expressed in said section. Where land is sought to be condemned for public use against the owner's consent, a strict compliance with every essential prerequisite of the State conferring the right is required.   School District v. Dorton, 125 Mo. 439; Linn v. Clemens, 44 Mo. 540; Ellis v. Railroad, 51 Mo. 200; U. S. v. Reed, 56 Mo. 572; Lewis on Eminent Domain (3 Ed.), sec. 387; Railroad v. Young, 96 Mo. 39; Drainage District v. Campbell, 154 Mo. 151; Williams v. Kirby, 169 Mo. 622; In re Grading Bledsoe Hill, 200 Mo. 630; State v. Farrelly, 36 Mo. App. 282; Taylor v. Todd, 48 Mo. App. 550; Spurgeon v. Bartlett, 56 Mo. App. 349; Rowsey v. Wood, 57 Mo. App. 650.   An act of this sort deserves no favor; to construe it liberally would be sinning against the rights of property.   Lewis on Eminent Domain (3 Ed.), sec. 388; Sugar Co. v. Elevator, 82 Mo. 121; Railroad v. Davis, 197 Mo. 669; Chandler v. Reading, 129 Mo. App. 63.   If the statute only authorizes proceedings *in invitum* after an effort shall have been made to agree with the owner on the compensation to be paid, the effect of such effort and its failure must appear.   Cooley's Const. Lim. (7 Ed.), p. 761 Tarkio v. Clark, 186 Mo. 299; 7 Ency. Pl. and Pr., pp. 468 and 536; Railroad v. Lewright, 113 Mo. 660.

*W. M. Williams* and *E. W. Hinton* for respondent.

(1)   It appears from the records of the plaintiff district that it did organize as a town school district under the authority conferred by the Act of March 21, 1870.   This made it a corporation of that class, and its corporate capacity is not open to collateral attack be-

229 Sup—33

cause of irregularities, if any, in the proceedings for organization. School District v. Hodgin, 180 Mo. 70; Black v. Early, 208 Mo. 281; Burnham v. Rogers, 167 Mo. 17. (2) The plaintiff district was given the right of condemnation by section 9860, R. S. 1899, conferring the same corporate powers possessed by other school districts, which have the express power of condemnation under section 9772. Bridge Co. v. Stone, 174 Mo. 1. Section 9860 provides in express terms that city, town and village districts shall "possess the same corporate powers and be governed the same as other school districts." This is certainly express statutory authority for the exercise of the power of eminent domain conferred upon county school districts by section 9772. (3) While the selection of a site is, of course, necessary before it can be condemned, yet, in the case of a city district the selection need not be made by the voters, because the power of selection is exclusively vested in the directors. R. S. 1899, sec. 9878; State ex rel. v. Allen, 183 Mo. 291. (4) The law did not require the idle ceremony of an attempt to agree on the price to be paid for this land, because the title could not be acquired by voluntary conveyance. R. S. 1899, sec. 9772; Bridge Co. v. Stone, 194 Mo. 187. (5) The objection that the life estate was commuted without evidence does not appear to have been raised in the motion for a new trial, and is therefore not before the court. Lynch v. Railroad, 208 Mo. 42; Lewis on Eminent Domain, p. 622.

GRAVES, J.—This is an action brought by the school district of Columbia, to condemn land for a schoolhouse site. The plaintiff since 1872 has been acting as a city school district, with a board of six directors. In April, 1909, said school district had voted and sold bonds in the sum of $17,500 for the purpose of buying a site and erecting a schoolhouse thereon. In May, 1909, the board of directors, by an affirmative

vote of more than two-thirds of its members, selected the site involved in this suit. The petition, after alleging these facts, and describing the land sought to be condemned, thus speaks:

"That the defendants are the owners of said above described tract as hereinafter set forth, to-wit, that on or about the — day of February, 1891, one Patrick H. Jones died seized in fee of about fifty acres of land in Boone County, Missouri, of which said tract is a part, and by his last will and testament, which was duly admitted to probate by the probate court of Boone County, Missouri, devised the same to his wife, Eliza K. Jones, for and during her natural life, and directed that at her death said fifty acres should be sold by his executor, who is the defendant A. H. Jones, and that the proceeds thereof should be divided per capita between the defendant, Mrs. Cora N. Tillery, and the children of Mrs. Louisa Carson; and that it was further provided by said will that if the said Mrs. Cora N. Tillery shoud die prior to the distribution, her share of the proceeds should descend to her bodily heirs, and if she should die without heirs of the body her surviving then to the children of Mrs. Elizabeth Murry, who are the defendants, Erl Murry, Thomas H. Murry and Lee Murry.

"The said Eliza K. Jones accepted the provisions of said will and on or about the — day of March, 1905, made, executed and delivered her certain deed of conveyance whereby she conveyed her aforesaid life estate in said tract of land unto the defendant, John A. Stewart.

"That Beula M. Ricketts, Kella B. Shields, Mary H. Dinkle, Gussie E. Richards, and Stella R. Champion were and are the sole and only children of the above mentioned Mrs. Louisa Carson, and that they on or about the — day of February, 1905, made, executed and delivered their certain deed of conveyance, whereby they conveyed all of their right, title and interest in

said tract of land and in the proceeds of sale thereof to the defendant, John A. Stewart.

"That the defendant, Mary Tillery, is the only child of the defendant, Mrs. Cora Tillery, and as such has a contingent interest in said tract of land and in the proceeds of sale thereof. And that the defendant, A. H. Jones, as the executor of the will of the said Patrick A. Jones, deceased, claims to own and hold the legal title to said tract of land for the purpose of sale.

"Petitioner further states that by reason of the diverse and uncertain interests of said defendants as owners, this petitioner is unable to acquire the title to said tract of land and that it is unable to agree with said owners as to the price to be paid therefor.

"That said above described tract of land is suitable and necessary for a schoolhouse site for the petitioning district, and that the board of directors thereof have authorized and directed this proceeding for the condemnation thereof; wherefore petitioner prays that summons be issued herein as provided by law notifying said defendants of the time and place when this petition will be heard and said above described tract of land be condemned and the title thereto be vested in said school district for the purposes aforesaid, and to that end that three disinterested freeholders of Boone county, Missouri, be appointed to assess the damages for the appropriation thereof, and for such other orders as may be necessary in the premises."

To this petition, defendants by appropriate pleadings raised the several questions to be disposed of in the case.

Commissioners were appointed who assessed the damages at $3750, which sum was paid into court. By its judgment, the court approved the report of the commissioners, condemned the property for a school site and vested title in the plaintiff. The judgment further details how defendants were interested in the

property and how and through whom they held title
and further determined the value of a life estate held
by one of the defendants. The interests of the several
parties were fully detailed by this court in the recent
case of Stewart v. Jones, 219 Mo. 614, the property
involved in this case being a part of the property in-
volved in that case.

Defendants raise numerous questions, thus (1)
that the plaintiff was never legally organized as a
school district, (2) that city school districts have no
power to condemn property for a schoolhouse site,
(3) that if such school districts do have such power,
this plaintiff has not selected the site according to
the terms of the statute, and therefore this action must
fail, (4) that there was no attempt to acquire the title
by purchase before the institution of this suit, and for
that reason the action must fail, and (5) that there
was no evidence upon which the court could commute
the life estate.

In view of many facts which necessarily will fol-
low in the course of the opinion, this sufficiently states
the controversy.

I. The first question stated above does not ap-
pear to be seriously urged in the brief of the defend-
ants. It is true that throughout the brief are found
such expressions as "The School District of Columbia
which *professed* to be organized under the provisions
of Art. 2, of Chap. 154, R. S. 1899," but counsel have
not dignified the question with a separate point in the
brief, nor have they discussed the matter or cited au-
thorities thereon. It appears in the record, that since
1872 the plaintiff has been electing six directors, and
doing business as a city school district, under the name
of "School District of Columbia," and that it has been
known and recognized as a city school district. There
is evidence offered to show the due incorporation of
the plaintiff, but we shall not go into the record on

this question. The corporate capacity of the plaintiff cannot thus be assailed in this collateral proceeding. A corporation of this character cannot be called upon to defend its corporate life every time it brings a lawsuit in its corporate capacity. Its corporate existence, and its rights to exercise corporate powers, can only be inquired into at the call of the State in proceedings of *quo warranto*. This has long been settled doctrine. [Burnham v. Rogers, 167 Mo. 17; School District v. Hodgin, 180 Mo. 70; Black v. Early, 208 Mo. 281.]

In the latter case, LAMM, J., took the pains to collate a great number of the cases, and we shall not reiterate now. The point made is not well taken and will be ruled against the defendants.

II. The next contention is that school districts organized under article 2, of chapter 154, have no legal power to condemn property for a schoolhouse site. Coupled with this, it is urged that in a proceeding to condemn the right to condemn must clearly appear. To the latter contention we assent. That the right to exercise the power of eminent domain must clearly appear, we think well-settled law. The law pertaining to schools is collated under chapter 154, which chapter has some seven articles. Article one relates to the country school districts, which have three directors. Article two relates to city, town and village districts, which have six directors. Under article two, appear the following sections:

"Sec. 9878. In all such school districts as are mentioned in this article, that have a population exceeding five thousand and not exceeding one hundred thousand inhabitants, the board of directors of such school districts shall have full power, by an affirmative vote of not less than two-thirds of all the members of such board, to locate and direct and authorize the purchase of sites for schoolhouses, libraries and school offices, and by a like vote to direct and authorize the

sale of any real estate or other property belonging to such school districts; and if two-thirds of the members of such board shall authorize and direct the sale of such real estate, the same shall be entered of record by the secretary, together with the terms of such sale, and the president of such board shall, in the name of such board, execute the necessary deed or deeds of conveyance to the purchaser or purchasers thereof; which said deeds of conveyance shall be by him acknowledged, as other deeds conveying real estate are by law required to be acknowledged.''

"9860. Any city, town or village, the plat of which has been previously filed in the recorder's office of the county in which the same is situated, may, together with the territory which is or may be attached thereto, be organized into a single school district, and, when so organized, shall be a body corporate, and known as the school district of ———, and in that name may sue and be sued, and possess the same corporate powers and be governed the same as other school districts, except as herein provided.''

Under article 1, we have section 9772, a part of which reads: "And whenever a majority of the qualified voters and taxpayers of any school district, at any annual or special meeting called for that purpose, shall determine that it is necessary to have additional grounds for school purposes, then the board of directors may proceed to condemn and pay for any amount of land adjacent to the schoolhouse site, as provided in this section.''

From these three several sections the plaintiff avers that its right to condemn property is clearly given by express words of the law. We are of the opinion that the power is so given. By section 9860, supra, city, town or village school districts shall "possess the same corporate powers except as herein provided.'' The term "other school districts'' clearly refers to the class of school districts mentioned in the preceding

article, *i. e.,* article I. This construction is not in conflict with State ex rel. v. Fry, 186 Mo. l. c. 203, but is rather borne out by that case.

Here we have an express grant of the same powers as are granted to the school districts having but three directors, with the modification made by the terms "except as herein provided." Under section 9772, the other school districts mentioned are in words given the express power to condemn lands for a schoolhouse site. If therefore, the city, town or village districts have the same powers, they necessarily have the power to condemn. When these statutory provisions are taken together, as they must be, there is no doubt of the grant of power.

The power here granted is much more explicitly granted than in the case of So. Ill. Bridge Co. v. Stone, 174 Mo. 1. The reasoning of that case settles the controversy in this case. We therefore hold that city, town and village school districts have the express statutory authority to exercise the powers of eminent domain. Nor do we think the recent act of the Legislature, Laws of 1909, l. c. 838, amounts to a legislative construction contrary to this view. This point will be ruled against defendants.

III. Next it is contended that although it be conceded that city school districts have the power to condemn lands for a school site, yet in the case at bar, the site has never been selected as required by law, and until lawfully selected no proceeding to condemn it could be maintained. We grant it that there is no power to condemn a school site, until such has been duly selected pursuant to law. Condemnation statutes are strictly construed. They should be so construed and such has been the course of this court in reference thereto.

Defendants contend that the selection of the site must be by a vote of the voters of the districts. They

say that if the city school district must trace its power to condemn ·to section 9772, then such district must pursue the same course in selecting the site as is provided in such section for the selection of sites by country school districts. In this contention, the defendants overlook the exception contained in section 9860, supra. Under section 9860 the city school district is given "the same corporate powers, except as herein provided." The term "herein provided" has reference to the provisions of article 2 of chapter 154. By section 9878, the method of selecting the site for a city school district is by a two-thirds vote of the directors. By section 9772, the selection of a site for a country school district is by vote of the district. The right of the school board to select is covered by the exception mentioned in section 9860, supra. This contention of the defendants cannot be sustained.

IV. In the fourth place the defendants urge that the petition does not aver nor does the proof show that the school board attempted to agree with the owners of the property as to the purchase and price thereof and for that reason this case must fail. On this question, the material portion of section 9772 reads: "Whenever any district shall select one or more sites . . . and cannot agree with the owner thereof as to the price to be paid for the same, or for any other cause cannot secure a title thereto, the board of directors may proceed to condemn."

It will be noted that there are two distinct conditions under which the district may proceed to condemn, (1) when such district "cannot agree with the owner thereof, as to the price to be paid for the same," and (2) "or for any other cause cannot secure a title thereto." The petition in this cause was drawn under the latter clause. It details the exact condition of the title, and these details show that no agreement could have been made. The pleadings in this case

show that no agreement as to price could have been made, and that the plaintiff could not have acquired title except through the court. The pleadings in this case set up the same facts as were held in judgment in the recent case of Stewart v. Jones, 219 Mo. 614. The land involved is a part of the same land, and the interest of the same minor is involved. A reference to the Stewart case fully reveals the fact that no title could have been acquired except through a condemnation proceeding. The facts of the case clearly bring it within the second condition mentioned in the statute. The judgment *nisi* cannot therefore be disturbed for this reason.

V. Lastly it was urged that there was error in commuting the life estate. Defendants urge that there was no evidence as to the age of the life tenant. This contention is well taken. There is no evidence in the record as to the age of Eliza K. Jones, the life tenant under the will of Patrick H. Jones. Mrs. Jones, now Mrs. Vivion, conveyed her life estate to defendant Stewart, and the commutation of the life estate was made to Mr. Stewart in the sum of $1687.95. How the court was able to reach this conclusion does not appear from the record. Respondent school district in the brief suggests that it was commuted by consent, but on this point we find nothing in the record. There is neither evidence nor admission as to the age of the life tenant. That part of the judgment and decree is therefore without evidence to support it. Defendant Stewart seems to have been satisfied, as he has not appealed, but his satisfaction does not meet the contention of the other defendants who have appealed.

Respondent further urges that this matter is not covered by the motion for new trial, but in this contention there is error. The motion says: "Because the said verdict and judgment is against the law *and the evidence and the weight of the evidence.*" This

we think sufficient to raise the question of absolute want of evidence upon any question adjudicated by the court.

For this error the judgment will have to be reversed and remanded, but we think it should be with directions. The real question between plaintiff and defendants has been properly adjudicated, and there is no reason for a retrial of that issue. The present judgment is correct with this single exception. The plaintiff had the right to condemn and the title was properly decreed in it. We will, under these circumstances, reverse the judgment and remand the cause for the sole purpose of opening up the case upon this single point. When such proof has been heard, and the trial court has upon that proof reached a conclusion as to the value of the life estate, the present judgment and decree shall be modified, if necessary, to meet the conclusion of the court upon that question, and when so modified, shall be re-entered as the judgment of the court. With these directions the judgment is reversed and the cause remanded. All concur.