## Osborne, Jr.'s Guardian, et al. v. Osborne's Trustees, et al.

(Decided December 3, 1920.)

### Appeal from Mercer Circuit Court.

1. Statutes—Omissions From Editions of Statutes—Statute in Force.—Section 491a of the present Code was article 6, chapter 63 of the general statutes, and though omitted for a time from subsequent editions of the Code and statutes, upon the assumption that it had been repealed by implication by the 1877 revision of the Code, it was not so repealed but still is in force.

2. Infants—Statutes—Subsection 3 of Section 491a Civil Code.—Subsection 3 of section 491a provides that the proceeds of a sale thereunder made be reinvested as provided by section 2, article V, chapter 63 of the general statutes, hence this provision of the general statutes is still in force as a part of section 491a of the Code.

3. Infants—Sale of Infant's Real Estate.—Sections 491 and 491a of the Civil Code both authorize a sale for reinvestment of the contingent remainder interests of infants in real estate, but under the former the suit must be brought by the owner of a freehold estate in possession, and reinvestment must be in other real estate, while under the latter section, the suit may be brought by any person having a present or vested interest in the land whether in possession or not and reinvestment may be

in other real estate or designated securities as the court may direct.

4. Judicial Sales—Sale of Real Estate for Reinvestment.—The owner of a life estate in possession may proceed under either section, but a joint suit by the owner of such interest and another who owns a vested interest not in possession is under 491a, and the provisions thereof control the procedure and reinvestment.

C. E. RANKIN for appellants.

J. T. WILSON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Under the will of D. B. Chatham his widow, Mary E. Chatham, was given a life estate in certain land, which at her death was devised to a trustee for the use and benefit of his daughter, Rena Chatham Osborne, during her life with the remainder to her bodily heirs, if any, but if none to other named persons.

In this action for a sale for reinvestment instituted by Mrs. Chatham, Mrs. Osborne and her trustee against the contingent remaindermen, who are infants, the land was sold and the proceeds ordered to be reinvested in registered United States bonds.

There is no question about the validity of the sale and the guardian *ad litem* of the infant remaindermen is appealing from only so much of the judgment as ordered the reinvestment of the proceeds in government bonds rather than real estate, it being his contention that the sale was ordered under section 491 of the Code, which provides for the sale of real property at the suit of owner of a particular estate of freehold in possession, against the contingent remaindermen, and that the sale was therefore "for investment of the proceeds in other real property," as in that section provided.

It is contended by the appellees who were plaintiffs below that the action is not under section 491 but under section 491a of the Code, which authorizes a sale for reinvestment at the suit of any person having a present or vested interest against contingent remaindermen, and that under this section the reinvestment in government bonds was authorized.

Section 491a was article 6 of chapter 63 of the General Statutes, and upon the assumption that it had been repealed by the adoption of the 1877 Code of Practice, it was omitted from subsequent editions of both the Code and statutes from that time until recently, when pur-

suant to the decision of this court in Newman v. Ecton, 100 Ky. 653, 21 S. W. 526, that it had not been repealed, it was placed in the Code as section 491a.

Counsel for appellants questions the soundness of the opinion in Newman v. Ecton, but it has been followed and approved in Sheirich v. Maxwell, 28 R. 173, 89 S. W. 4; Ridley v. Dedman, 134 Ky. 146; McClure v. Crume, 141 Ky. 361; Kalfus v. Davie, 110 S. W. 871, and possibly other cases, and because of this fact as well as our conviction that the opinion is sound, we do not deem it necessary to reconsider the matter here. The only case brought to our attention which might be considered in any way antagonistic to the conclusion reached in the case of Newman v. Ecton, is the case of Globe Realty Company v. Lentz, 142 Ky. 497, which denies the power of the court to order a sale of real estate, in which there were contingent remainder interests, for investment of the proceeds in suitable improvements upon the remaining portions of the land so held. But the sale in that case was held to be under section 491, and 491a was not mentioned or considered. Hence if there was any error in that decision it was in assuming that the sale was under section 491 of the Code as was done by the parties as well as the court, and it cannot be held to invalidate cases treating of 491a, which was not considered or even mentioned therein.

As we have already stated, sections 491 and 491a both authorize the sale of contingent remainder interests. The one, however, only upon suit of the owner of a particular estate of freehold in possession, while under the latter section the suit may be brought by any person having either a present or a vested interest whether in possession or not. The results, moreover, of a sale under the two sections are not the same since, under the first, the reinvestment must be in other real estate, while under the latter, as will presently appear, the proceeds may be invested in real estate or United States bonds or other designated securities as may be directed by the court.

As both sections are valid, it necessarily results that the owner of a particular estate of freehold in possession has his election to proceed under either, since the provisions of each are applicable to him. Hence if this action had been brought by Mrs. Chatham alone who owns and is in possession of a particular estate of free-

hold, namely a life estate, she might have sued under either section, but not so with Mrs. Osborne and her trustee, since her life estate in the land is not in possession and cannot be so until the death of her mother, Mrs. Chatham. Hence the suit of Mrs. Osborne and her trustee against the contingent remaindermen was necessarily under section 491a, and so also this suit by her and another authorized to sue thereunder.

Since, as we have seen, section 491a was not repealed by implication by the adoption of the Code, it necessarily follows that the whole of same is still in force and that other portions of chapter 63 of the General Statutes to which it refers for procedure and reinvestment of funds thereunder, were also unrepealed by the adoption of the 1877 Code, as neither that Code nor later revisions made any provision for procedure or reinvestment of funds thereunder. (Grider's Judicial Sales of Real Estate, page 105.)

Subsection 3 of section 491a also provides that the proceeds of a sale thereunder shall be reinvested in the same kind of property, subject to like limitations, trusts and conditions as the property which was sold, but further provides that "the proceeds may be invested in suitable improvements upon the remaining land, under the direction of the court; or it shall be lawful for the court to cause the proceeds to be reinvested as provided in section 2, article V, of this chapter." The chapter referred to is chapter 63 of the General Statutes, and section 2 of article V thereof provides: "The court ordering a sale of an infant, idiot, lunatic or infant married woman's real estate, may cause the proceeds of the same to be reinvested in lands in or out of this state, or in United States bonds and etc."

It is, therefore, quite evident it seems to us, not only that this action was under section 491a of the Code but also that the court was well within its authority in ordering the reinvestment of the proceeds of the sale in registered United States bonds.

Wherefore the judgment is affirmed.