## UNITED STATES v. 122,000 ACRES OF LAND et al.
### No. 51.

District Court, N. D. Texas,
San Angelo Division.
Oct. 18, 1944.

J. Edward Johnson, Asst. U. S. Atty., of Brownwood, Tex., and Frank B. Potter, Asst. U. S. Atty., of Fort Worth, Tex., for the United States.

Henry Jackson and Scott Snodgrass, both of San Angelo, Tex., ad litem guardians and ad litem attorneys for remaindermen in esse and unborn.

J. C. Darroch, of Brownwood, Tex., for Wassermans.

ATWELL, District Judge.

The Wasserman tract of 735 acres has been taken by the government in the Camp Bowie preserve at Brownwood. That preserve comprises an aggregate of something over 123,000 acres. Wasserman and brother have life estates. Their children are the owners of the reversionary fee, which becomes effective upon the death of their respective fathers.

The holders of the life estate are entitled to its use, income and profit during life.

The United States, under its power of eminent domain, has taken over the property. It has deprived the life estate of its use and income, and the court must see that just compensation is afforded for the taking of that interest. Just compensation must also be fixed for the five remaindermen who are living and for unborn interests. That protection and right must be carefully guarded. The right of the government to take is superior to the property rights of each contingent owner. It is an emergency taking. It is an imperative taking. It is a taking for the preservation of the sovereignty itself.

The following observations seem to chart the course to be taken:

A sale of the interests of unborn children may be ordered, if the sale can be justified, and the rights of remaindermen are not extinguished but are transferred from the land to the fund, and the court supervises the fund. In other words, the estate of the owners of the future interests must be preserved and protected.

The estimated value of the life interests cannot be paid out of the fund. The fund must be invested and the life tenant is entitled to the net income therefrom during life. When the life estate is terminated, and the land has been transformed into money, the remainderman is entitled to the undiminished body of the fund.

The separation of the life estate from the remainder estate by estimating the value of the former and paying such value to the life tenant, where not required by the situation, would be an unauthorized infringement of the testator's intention.

A court has no power to direct the separation of the two estates by an estimation of the value of the life estate and the payment of such value to the life tenant. That course would substitute an expectancy for a certainty.

It is conceivable that there might be commutation when it is the most equitable under the particular facts, but, even then, a state statute, or, the court rules of

 

that particular jurisdiction, have considerable weight.

The thought is, that both the life tenant and the remainderman have rights which cannot be distributed by the conversion of the land into money. Prior to a sale, the life tenant has only the right to use the land. After sale, he has only the right to the use of his interest in the proceeds. But both before and after sale, the remainder interest has a right to the corpus, or, substitute principal, undiminished.

The interests of unborn children cannot be extinguished by contract or conveyance of the life tenant. The right of the life tenant and the remainderman in esse, to convey, is subject to the interests of the unborn children, and neither can exercise control over the same, as a court of equity may do in case of a sale under its judgment.

A court of equity may order a sale in which unborn heirs have an interest, and then order the re-investment of the proceeds for the benefit of the holders of the respective interests. When that is done, the life tenant is entitled to the income from the investment and the remainderman is to have the entire corpus upon the death of the life tenant.

Just compensation having been arrived at, the fund may be transferred to a state court having jurisdiction, upon appointment and qualification of a receiver who appears properly fitted, obligated and directed to protect all interests.

Judgment accordingly.