UNITED STATES of America,
Plaintiff,

v.

818.76 ACRES OF LAND, MORE OR LESS, Situate IN CEDAR AND DADE COUNTIES, STATE OF MISSOURI; and George I. Hinds, et al., and 1,351.69 Acres of Land, More or Less, Situate In Cedar and Dade Counties, State of Missouri; and Theodore Frieze, et al., Defendants.

Civ. A. Nos. 2138, 2245.

United States District Court,
W. D. Missouri, S. D.

July 14, 1969.

David M. Proctor, Jr., Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Don W. Kennedy, Nevada, Mo., for movants.

Neal E. Millert, James & McCanse, Kansas City, Mo., for unknown and unborn bodily heirs of Irene Sparks.

## MEMORANDUM AND ORDER FOR FINAL DISTRIBUTION

BECKER, Chief Judge.

By their motion filed herein on November 27, 1968, Ethel O'Neal, Fred O'Neal, Irene Sparks, Floyd Sparks, Shirley Broyles, and Rickey Allen Broyles, Vickey Lynn Broyles, and Danny Dee Broyles by Duane Broyles, their guardian *ad litem*, Judy Carmon (nee Sparks) and Danella Lee Carmon by

guardians *ad litem*, Floyd and Irene Sparks, moved the Court to fix compensation and to order final distribution. A judgment fixing compensation was entered herein on February 4, 1969. The motion for final distribution, however, has been opposed by the guardian *ad litem* for the unknown and unborn bodily heirs of Irene Sparks. The guardian contends that final distribution would involve the commutation of existing life estates and distributions of the sums involved to the life tenant; and that Missouri law, which controls the matter here, forbids such commutation. The question presented is whether the interests of the life tenant and the bodily heirs in the just compensation awarded for the taking of a fee tail can be commuted to cash and distributed.

State law apparently controls the question here. Substantive questions in federal condemnation are subject to state law, in the absence of the involvement of federal constitutional or statutory rights. United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L. Ed. 336; United States v. Becktold Co. (C.A.8) 129 F.2d 473. The power of condemnation and the measure of damages are matters of substance. 3 Barron and Holtzoff, Federal Practice and Procedure § 1516. Therefore the *lex rei sitae* controls questions of titles to estates or interest in land. DeVaughn v. Hutchinson, 165 U.S. 566, 17 S.Ct. 461, 41 L.Ed. 827; United States v. Becktold Co., *supra*. The theory of condemnation awards is that the awards stand in lieu of the land. Oliver v. United States (C.A.8) 156 F.2d 281. Further, federal cases applicable to the question presented apply state law. United States v. 575.52 Acres of Land (D.N.H.) 118 F. Supp. 923; United States v. 122,000 Acres of Land (N.D.Tex.) 57 F.Supp. 421; United States v. 380 Acres of Land (W.D.Ky.) 47 F.Supp. 6; United States v. 15,883.55 Acres of Land (D.S.C.) 45 F.Supp. 783. See also Anno., 91 A.L.R. 2d 963. The guardian *ad litem* states

that Missouri law prohibits the commutation to cash of any life estate. In support of that contention, he cites the following Missouri cases: Willhite v. Rathburn, 332 Mo. 1208, 61 S.W.2d 708; Brittin v. Karrenbrock, Mo.App., 186 S. W.2d 35; and Noyes v. Stewart, Mo., 235 S.W.2d 333. Each of those cases, however, involves Section 528.010, RSMo 1959, V.A.M.S., or its predecessor, Section 1710, RSMo 1939, which provide for partition suits by "any person or persons holding the estate or an interest in the estate."[1] Accordingly, the cases cited by the guardian *ad litem* have held that life estates may not be commuted to cash under the statute on the theory that:

> "[t]he result under the statute if so construed would be to practically abolish the incidents that have always attached to life estates, and in all such estates place it within the power of the life tenant and those who at any time were the inchoate or expectant remaindermen to thwart the intention of the testator and have the immediate enjoyment of the money arising from a sale of the lands, the very thing the testator had intended to provide against."

See Brittin v. Karrenbrock, *supra*, 186 S.W.2d at page 38.

Different considerations necessarily apply in condemnation cases in which any estate planning, whether by a testator or otherwise, is frustrated by the governmental exercise of the power of eminent domain. Therefore, in many cases, apportionment of the award between the life tenant and the remaindermen is permitted, as the motion for final distribution in this case requests. Anno., 91 A.L.R.2d 963, l. c. 974; School District of Columbia v. Jones, 229 Mo. 510, 129 S.W. 705. For example, the only Missouri case truly in point on this question, School District of Columbia v. Jones, *supra*, held that commutation of the life tenant's interest in the proceeds of condemnation of a similar estate was

1. Section 528.010, R.S.Mo., 1959.

permissible when based on the age of the life tenant.[2] This result was reached in spite of the fact that previously the same Missouri Supreme Court had refused to permit sale on a partition suit by the same life tenant in the theory that such a sale would have thwarted the intention of the testator. See Stewart v. Jones, 219 Mo. 614, 118 S.W. 1. The actual rule under Missouri law thus appears to be that, in condemnation cases, the Court has the power to apportion the award between the life tenant and the remaindermen. The case of State ex rel. Scott v. Trimble, 308 Mo. 123, 272 S.W. 66, is often cited for a contrary position. That was a case, however, in which the life tenant sued to have the entire condemnation award delivered to her because the decree of award was in her name only. The Kansas City Court of Appeals upheld her right to such award, holding the decree to be conclusive in State ex rel. and to the use of Clinkscales v. Scott, 216 Mo.App. 114, 261 S.W. 680. But the Supreme Court reversed, stating that when she had received the entire award in her name she was necessarily a trustee thereof with regard to the remaindermen. The holding in the *Scott* case, therefore, is not inconsistent with apportionment of the proceeds as allowed by School District of Columbia v. Jones, *supra*. Apportionment, in turn, is perfectly consistent with the rule of the *Scott* case that:

"* * * when the gross sum awarded for all interests in the several tracts was paid in, it stood in lieu of the land, and the life tenant and the remaindermen had the same interest in the fund they formerly had in the land. * * * It was not necessary, nor was it within the province of the court, in that proceeding, to determine the rights or respective interests, inter sese, of the owners of the land. There were no adversary pleadings as between the owners upon which the court could determine and declare in that proceeding their respective rights in the land. The judgment entered for and against the owner of the freehold was not, for the purposes of appropiation and payment, personal and individual, to the present freeholder, but was collective and inclusive of all persons interested in the land at the time the judgment was rendered, whether they were reversioners, remaindermen, or mortgagees." 272 S. W. at 69.

In a case like the *School District* case and the one at bar, in which the interests of the parties have been separately noticed, pleaded and recognized, the result may be different. In such a case the court has the power to determine the apportionment between differing interests. If the condemnation award stands in lieu of the land, it is particularly appropriate that the award should be apportioned, just as the proceeds of a sale would be apportioned when it was forced upon the parties. Further, when the rights of the remaindermen have not vested, but are only very remotely contingent, the courts have generally recognized that it is more compelling and just that apportionment be undertaken. See 27 Am.Jur.2d, Eminent Domain § 252; McGinley v. Central Nebraska Public Power & Irrig. Dist. (C.A.8) 124 F.2d 692.

■ The values to be used are the present values of the respective estates. 27 Am.Jur.2d at l. c. *supra*. However, "[t]he fact that the interests of the remaindermen were contingent may influence a court in determining whether all or most of the award should go to the life tenant." *Id.*

■ The movants admit, however, that they are limited in any case to the amounts which would be arrived at by the method of computation set forth in

2. In this case one group of contingent remaindermen were undetermined "bodily heirs", as here. The award, if apportionment is made, should represent the earning power of the proceeds of the

compensation to be paid according to United States v. 15,883.55 acres of land (D.S.C.) 45 F.Supp. 783; Anno., 91 A.L.R.2d at 975.

Section 442.530, RSMo 1959, which reads as follows:

*"Value of life estates—how computed.*

"When a party as tenant for life, or by the curtesy, or in dower, is entitled to the annual interest on a sum of money, or is entitled to the use of any estate, or part thereof, and is willing to accept a gross sum in lieu thereof, or the party liable for such interest, or affected by such claim, has the right to pay a gross sum in lieu thereof, or if the court in any legal proceedings adjudge or decree a gross sum to be paid in lieu thereof, the sum shall be estimated according to the then value of an annuity of six per cent on the principal sum during the probable life of such person, according to the following table, showing the present value, on the basis of six per cent interest, of an annuity of one dollar, according to the Carlisle tables of mortality, payable at the end of every year that a person of a given age may be living for the ages therein stated."

The present value should therefore be determined by reference to the table which follows the statute according to the age of the life tenants and the value of the estate.

The plaintiff is requested promptly to secure the necessary data for the computation and to secure and file in writing an expert actuarial opinion determining the amount payable to the life tenant as of a date 30 days after the making of the computation. It is therefore

Ordered that final distribution be made and that the life estate be apportioned among the life tenants and the contingent remaindermen according to the formula set down in Section 442.530, R.S.Mo., 1959, and that the portion attributable thereby to contingent remainders shall be held in trust until such time as the said remainders vest or are destroyed. See United States v. 575.52 Acres of Land (D.N.H.) 118 F.Supp. 923. It is further

Ordered that when the amount thereof is determined the remainder in the registry of the court be deposited by the Clerk at the highest interest rate obtainable for the use and benefit of the unknown and unborn bodily heirs of Irene Sparks. It is further

Ordered that jurisdiction herein be retained for the purpose of making such other and further orders as may be meet and just.