Robert Lee SMITH, Individually and as Trustee under a certain Deed in Trust of Dixie Smith Johnson, Settlor, Plaintiff-Appellant,

v.

Sharon SMITH, Robert Lee Smith, Jr., Missouri Baptist Orphans Home, Home for Aged Baptist at Ironton, Missouri, First Baptist Church of Clinton, Missouri, Defendants-Respondents.

No. WD 30965.

Missouri Court of Appeals, Western District.

June 9, 1980.

Kelso Journey, Clinton, for plaintiff-appellant.

Robert L. Cox, Clinton, for defendants-respondents.

Before KENNEDY, P. J., and SWOFFORD and PRITCHARD, JJ.

KENNEDY, Presiding Judge.

The facts of this case are agreed upon by the parties and are simply stated.

Ella Pearl Smith died March 25, 1941, and her will was admitted to probate in Henry County Missouri, on April 4, 1941.

By said will she left two tracts of real estate to plaintiff Robert L. Smith for life; "then to Robert L. Smith's children as remaindermen, absolutely . . . If Robert L. Smith leaves no descendants, then in equal shares to the following three contingent remaindermen: A) Missouri Baptist Orphans Home; B) Home for Aged Baptists at Ironton, Missouri; and C) Clinton's First Baptist Church."

Taking advantage of the provisions of § 528.010, RSMo 1978, plaintiff Robert Lee Smith in 1979 filed a partition suit in which he alleged that the life estate was burdensome and unprofitable, and requested a sale of the fee and distribution of the proceeds.

The land was ordered sold and it fetched a price of $30,000. After payment of expenses connected with the partition suit and sale, there remained $26,793.08.

Plaintiff Robert Lee Smith moved the court to order the special commissioner to pay to him the commuted value of his life estate. The plaintiff was 51 years of age, and under the statutory formula set forth in § 442.530, RSMo 1978, the agreed commuted value of plaintiff's life estate would be $16,754.25. If this were paid to the plaintiff, it would leave a balance of $10,038.83 to be held for the benefit of the remaindermen.

The agreed statement of facts, which is dated September 5, 1979, informs us that plaintiff as of that date had two teen-age children.

The teen-age children are unrepresented here. Remaindermen Missouri Baptist Children's Home and Home for Aged Baptists do not resist the commutation. Defendant contingent remainderman First Baptist Church of Clinton alone resisted, and continues here to resist, the motion for payment to the plaintiff of the commuted value of his life estate.[1]

The trial court denied the motion for payment to the plaintiff of the commuted value of the life estate and ordered the entire fund of $26,793.08 to be held "for the use and enjoyment of the remaindermen under the terms of the last will and testament of Ella Pearl Smith, deceased". (The parties agree that the omission of the life tenant as the lifetime income beneficiary of the fund was inadvertent, and that unless the commuted value of the life estate is to be paid to plaintiff, that all the income from the fund should be paid to him during his lifetime.)

From the order of distribution, which denied plaintiff's motion to have paid to him the commuted value of his life estate, the plaintiff has appealed.

Plaintiff claims that he is entitled, as a matter of right, to have paid to him the commuted value of the life estate. He bases his claim upon § 528.010, RSMo 1978.[2]

---

1. Defendant church may have had in mind the possibility of acceleration of the vested remainders upon premature determination of the preceding estate with the consequent destruction of the contingent remainders. *Commerce Trust v. Fast*, 396 S.W.2d 683, 689 (Mo.1965);

*Cavers v. St. Louis Union Trust Co.*, 531 S.W.2d 526, 533[6] (Mo.App.1975).

2. Where land is taken by eminent domain the life tenant's share of the proceeds may be commuted and paid to him. *United States v. 818.-*

That section, after authorizing the sale of the fee simple estate upon the petition of the life tenant and upon an allegation and finding that the life estate is burdensome and unprofitable, then provides " . . . the sale proceeds, after paying the costs and expenses of the suit and sale therefrom and the commuted value of any estate as may be commutable and so requested to be by the owner or owners thereof, as in other suits in partition, the court shall administer and cause to be invested . . . as a trust fund for the parties in interest and persons who may become such and the income to accumulate or be distributed according to the respective estates of the parties interested or who may become interested therein."

■ We have concluded that the statute does not entitle the plaintiff to the immediate receipt of the commuted value of his life estate, and we therefore affirm the judgment, with the modification hereafter noted.

■ The statute does indeed provide for the investment of the proceeds of the sale "after paying . . . the commuted value of any estate [which is] commutable and [which is] requested to be [commuted] by the owner or owners thereof", but it does not make an estate commutable which would not be so in the absence of the statute. What was said in *Carson v. Hecke*, 282 Mo. 580, 222 S.W. 850, 856 (1920), with respect to § 442.530, RSMo 1978, is *a fortiori* applicable to § 528.010: "Those words do not extend the authority of the courts to adjudge money to such a tenant in lieu of his estate, in instances or under circumstances theretofore unauthorized, but [direct the payment of commuted values of commutable estates] when, according to the settled law, this may be done."

■ The payment of the "costs and expenses of the suit and sale" and the "commuted value of any estate as may be commutable" are both limited by the next phrase, namely, "*as in other suits in partition*". This qualifying phrase is the key. The costs and expenses of the suit and sale are to be paid from the proceeds *as in other suits in partition.* · Likewise the commuted value of any estate which is commutable and which is requested to be commuted by the owner or owners thereof is to be paid from the proceeds *as in other suits in partition.* Where, then, outside § 528.010, do we find that a life tenant is entitled to the commuted value of his estate *in other suits in partition*? Sec. 442.530, as interpreted by our Supreme Court, does not authorize the lump sum payment of the commuted value of a life estate. *Carson v. Hecke, supra.* The same case, and others, teach us that the common law gives no such right. *Noyes v. Stewart*, 235 S.W.2d 333 (Mo. banc 1950); *Willhite v. Rathburn, et al.*, 332 Mo. 1208, 61 S.W.2d 708, 711–712 (1933); *Byars v. Howe*, 311 Mo. 14, 276 S.W. 43 (1925); *Brittin v. Karrenbrock*, 186 S.W.2d 35 (Mo. App.1945).

Turning to the statutes relating to partition we find only one instance in which a life tenant may receive in lump sum the commuted value of a life estate upon the sale of real estate in partition. That statute is § 528.460, RSMo 1978 (rescripted as Supreme Court Rule 96.44), which allows to the holder of a dower interest the payment in a lump sum of the commuted value thereof.

We believe that the foregoing interpretation of § 528.010 is supported by *Brittin v. Karrenbrock, supra* at 38, which held that that part of a 1927 circuit court decree which authorized the commutation of the life tenant's interest in the proceeds of the sale "was absolutely void and coram non judice". Although dealing with a life estate created by the will of a decedent who had died in 1913, before the enactment of § 528.010, the decision of the case is not based upon the retroactive effect of the statute. The *Brittin* opinion says: "It is true the Legislature went beyond its power

*76 Acres of Land, et cetera, State of Missouri,* 310 F.Supp. 210 (W.D.Mo.1969); *School Dis-* *trict of Columbia v. Jones*, 229 Mo. 510, 129 S.W. 705, 709 (1910).

by providing not only for the conversion of the life estate into money, to be properly invested, which was as far as it could go, but in providing that life estates theretofore created could be commuted in value, if the Legislature did go that far. We do not construe § 1710[3] as going that far. While it is true as stated that the Legislature would have no right to go so far as to provide that a life estate in lands created by a devise could be converted into money and the commuted value of the life estate paid to the life tenant, we do not think the Legislature did so provide when the law is properly construed. The words of the Act are, 'And, the sale proceeds, after paying the costs and expenses of the suit and sale therefrom *and the commuted value of any estate as may be commutable* and so requested to be paid by the owner or owners thereof, as in other suits in partition, etc.' (Italics ours). These words should not be construed as applying to a life estate such as we have here, which is not an 'estate as may be commutable'. The result under the statute if so construed would be to practically abolish the incidents that have always attached to life estates, and in all such estates place it within the power of the life tenant and those who at any time were the inchoate or expectant remaindermen to thwart the intention of the testator and have the immediate enjoyment and the money arising from a sale of the lands, the very thing the testator had intended to provide against." *Id.* at 38.

The judgment is affirmed except that the same is to be remanded to the trial court for the entry of a new judgment in which it is provided that the income from the trust fund is to be paid to the life tenant, plaintiff Robert Lee Smith, during his lifetime.

All concur.