CASE 48—PETITION  EQUITY—FEBRUARY 19.

# Lindemeier v. Lindemeier, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. CONSTRUCTION OF WILL—LIFE ESTATE.—A provision in a will that property devised to the testator's sons "shall only be in trust for them, and they shall have no right to sell or otherwise dispose thereof, but to be left to their heirs," does not make the sons merely trustees for their children, but creates in them a life estate, with remainder to their children.

2. SALE FOR REINVESTMENT NOT FORBIDDEN BY WILL.—Such a provision in a will can not be regarded as forbidding a sale of the property under decree of court for the purpose of reinvestment, as provided by sections 491 and 492 of the Civil Code.

M. A., D. A. & J. G. SACHS FOR APPELLANT.

JAMES QUARLES FOR APPELLEES.

No brief in record.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The will of Clemens Uhlen provides.:

" 3. I give and bequeath to my step-son, Clemens Lindemeier, my double frame house and lot on the north side of Marshall street, between Preston and Jackson streets. * * * * It is my will that my wife, A. M. Uhlen, shall keep all the property hereby bequeathed for her only use and benefit during her life-time. It is further my will that the property be queathed to F. Clausing and C. and H. Lindemeier shall only be in trust for them, and they shall have no right to sell or otherwise dispose thereof, but to be left to their heirs; and should any of the three last-named die without heirs, their widows shall have the benefit thereof 'as long as she remains a widow, and then the property shall be divided equally between the remaining heirs."

The widow of the testator having died, and Clemens Lindemeier being in possession of the house and lot above described, he brought this action, making his wife and his five infant children defendants, for a construction of the will and a sale of the property for reinvestment. The defendants were properly brought before the court; a guardian *ad litem* was appointed to defend for those under age, and he in proper time filed his report. Before the final submission of the cause a guardian appeared and executed to each of the infants the bond required by statute in case of a sale of infants' real estate.

The lower court held that Clemens Lindemeier had a life estate in the property, but refused to order a sale of it upon the ground that it was forbidden by the will.

Clearly the chancellor was right in holding that Clemens Lindemeier was not merely a trustee of the property for his children, but that he had a life estate in it. The Civil Code, sections 491-2, authorize a sale of real estate, where it is owned as this is, by a decree in an equitable action, if the title papers are filed, and facts be averred and proven showing that the sale will benefit the owners; but no such sale can be ordered if it be forbidden by the title paper under which the property is held.

The petition contains the necessary averments, and it is shown by the evidence that the value of the property is decreasing rapidly; that it is in bad repair, and the owners unable to improve it; that the rents are insufficient to pay the taxes and keep it in repair, and that it is to the interest of all concerned to sell it and reinvest the proceeds. The children are not *sui juris*, and there is need of court protection to their interests.

In our opinion the will does not forbid a decretal sale of it for this purpose. It denies to the owner of the life estate the right to sell or otherwise dispose of it. The object of the testator was to prevent the life tenant from disposing of it, and thus defeating the rights of the remainder parties. In providing as he did in his will, it was evidently his intention to secure that much of his estate to Clemens Lindemeier for life, and then to his children. He did not have in view a sale by decree of court, which might, and as appears has, become highly necessary to preserve his bounty. It should not be so presumed in the absence of language rendering it reasonably cer-

tain that he intended to forbid a sale of it in any manner or for any purpose during the term of the life tenant, however necessary to the interest of the parties. In the case of McGraw v. Miner, 12 Ky. Law Rep., 687, a clause in a will substantially like this one was considered, and held not to forbid a decretal sale for the purpose of reinvestment.

The judgment is reversed, and cause remanded for further proper proceedings.