CASE 16—PETITION EQUITY—MARCH 9.

## Luttrell v. Wells, &c.

APPEAL ·FROM MASON CIRCUIT COURT.

1. CONSTRUCTION OF DEVISE FORBIDDING SALE OF LAND.—The fact
that a testator provides that land devised to one person for life,
remainder to others, shall remain in possession of the life ten-
ant as long as he lives, and at his death be sold and the proceeds
divided among the remainder-men, can not be regarded as forbid-
ding a sale of the land during the life of the life tenant for the
purpose of reinvestment, as provided by sec. 491 of the Civil
Code.

2. IN PROCEEDINGS UNDER SECTION 491, THE BOND PROVIDED FOR BY
SECTION 493, OF THE CIVIL CODE, IS NO LONGER REQUIRED where
the court by its commissioner retains the custody and control of
the fund arising from the sale, and orders the money to be paid
by the commissioner directly to the person from whom the pur-
chase for reinvestment is made, the bond being dispensed with
in such cases by amendment to the Code of May 9, 1892, which
was before the institution of this action.

3. SALE OF CONTINGENT REMAINDER—PARTIES TO ACTION.—A perfect
title may be passed in such a proceeding, although the remainder
be contingent, provided the person in being in whom the remain-
der would have vested if the contingency had happened before
the commencement of the action be properly before the court.

4. JUDICIAL SALES—SALE MUST BE PUBLIC AND ON CREDIT.—By ex-
press provision of sec. 696 of the Civil Code, every sale made
under an order of court must be public and upon reasonable cred-
its, to be fixed by the court. Therefore, the court in this case had
no power to authorize its commissioner to make a private sale or
to sell for cash, and an exception to the report of sale upon the·
ground the sale was private should have been sustained.

5. SALE ON LONGER CREDITS THAN JUDGMENT AUTHORIZED.—Although
the court by its judgment authorized the sale to be made either
for cash or on certain specified credits, which were within those
prescribed by law, and the sale was in fact made on credit, yet
as the commissioner sold upon longer credits than was author-·
ized by the judgment, this might have been a valid ground of ex-
ception for the purchaser if he had chosen to avail himself of it.

COCHRAN & SON FOR APPELLANT.

1. The fact that no bond was executed by the guardian of the infant

defendants is fatal to the validity of the title acquired by appellant. (Civil Code, sec. 493, sub-divisions 1 and 3; Malone v. Conn, 23 S. W. Rep., 677; Barnett v. Bull, 81 Ky., 127; Fritsch v. Klausing, 11 Ky. Law Rep., 788.)

2. The provision in the judgment that the sale might be made privately and partly for cash was directly in the teeth of sec. 696 of the Civil Code., and for that reason the exceptions should have been sustained.

3. It was error to order the sale because a sale was forbidden by the will under which the property was held, and the exception upon that ground should have been sustained. (Civil Code, sec. 492, subd. 1; Moore v. Thompson, 80 Ky., 424.)

  McGraw v. Minor, 12 Ky. Law Rep., 687, distinguished.

T. C. CAMPBELL AND W. J. HENDRICK FOR APPELLEES.

1. The amendment of May 9, 1892 to sec. 493 of the Code, dispenses with a bond in cases under sec. 491.

2. A sale is not forbidden by the will; but if it were, the court would still be authorized to order a sale for the purpose of reinvestment in other land. (McGraw v. Minor, 12 Ky. Law Rep., 687; Lindemeier v. Lindemeier, *Idem*, 766; Robinson v. Fidelity Trust, &c., Co., 11 Ky. Law Rep., 313).

3. It is not a valid objection to the sale that it was made privately. (Irvin v. Walker, 3 Ky. Law Rep. 473.)

JUDGE EASTIN DELIVERED THE OPINION OF THE COURT.

This is an equitable action brought for the sale of real estate in which there are remainders interests, for investment of the proceeds in other real property, under the provisions of sec. 491 of the Civil Code.

The property sought to be sold consists of a farm in Mason county, Kentucky, the title to which is held under the following provision in the will of Richard Wells, deceased, to-wit:

"I give and bequeath to my son, William Y. Wells, the rents and profits of the farm upon which he lives, during his life. Said farm contains about one hundred and ninety acres of land, and is to remain in the possession and under the control of William as long as he lives, and at his death, if his wife survives him, she is to have the use and profits of

said tract of land, until their youngest child arrives at the age of twenty-one years, then said farm is to be sold and the proceeds divided between the widow and children of William, she to take a child's part.

"Should William survive his wife, at his death the farm is to be sold and the proceeds divided between his children and their heirs; the heir of a child to take the share of the deceased parent should one or more of the children be dead when the land is to be sold and the proceeds divided according to the provisions of this will."

All persons in being who have an interest in the property were made parties to the suit, the plaintiffs being the life tenant, William Y. Wells, his wife and their six adult children, with the husbands of the daughters who are married, and the defendants being their two infant children and the executor of Richard Wells, deceased.

The petition alleges the fact, and proof was taken conducing to show, that a sale and reinvestment of the proceeds will benefit the parties interested in the property, a copy of the will under which the title is held was filed, a guardian ad litem was appointed and answered for the infant defendant, and at the June term of 1893, the circuit court adjudged a sale of the farm for the purposes set forth in the petition, and appointed William Y. Wells, the life tenant, and one of the appellees here, special commissioner to make the sale, and required of him a bond for the faithful discharge of his duties, which bond was executed and approved by the court.

In the judgment of sale, the commissioner was authorized to sell, either at public or private sale, for the best price obtainable, and either for cash, or on credits, not exceeding six, twelve and eighteen months, or for one-third cash and balance on time, not exceeding one and two years, and on

November 20, 1893, said commissioner reported to court a sale of the farm to appellant on September 6, 1893, at the price of $20,002.50, of which $1,000 was paid October 20, 1893, and $5,667.50 was to be paid March 1, 1894, and the balance to be paid in two equal installments of $6,667.50 each, on March 1, 1895, and March 1, 1896, respectively, for which deferred payments appellant had executed bonds, with surety, bearing interest from October 20, 1893, and to secure which a lien was retained. The commissioner also reported at the same time, the purchase of a farm in Shelby county, Kentucky, for the sum of $20,000, as a reinvestment of the proceeds of the farm sold, the payments to be made practically on the same terms and at the several dates stipulated in his sale to appellant

Before the confirmation of said report of sale, the purchaser, appellant Thos. Luttrell, filed exceptions thereto, and moved the court to quash and set the same aside, for the following reasons, to-wit:

"1. Because no bond was executed as required by the Code, before the rendition of the judgment of sale.

"2. Because the sale was private and not at public sale.

"3 Because a sale and reinvestment of the proceeds is forbidden and prohibited by the will of Richard Wells, under which the title was held.

"4. Because these proceedings will not vest the title in the purchaser so far as the children of plaintiff, William Y. Wells, who may die before him, are concerned."

Upon the hearing of these exceptions by the court below, they were all overruled, and the report confirmed, to which the purchaser excepted and from which order he prayed this appeal.

As this case must be reversed, and as this court is of the opinion that at least one of the grounds of exception filed

by appellant should have been sustained, it might be suffi-
cient to notice that exception alone, but, for the guidance
of the appellees, in case they should desire to perfect the
proceedings for the sale of this property, the court will now
consider briefly and pass upon each of the several questions
raised by appellant's exceptions.

In the first place, then, as to the objection based upon the
idea that a sale of this property is forbidden by the will
under which the title is held, the court is of the opinion
that this exception was properly overruled, and that the
will of Richard Wells does not, either expressly or by im-
plication, prohibit the sale of this property by order of the
chancellor for the purpose of reinvestment' of the proceeds
thereof.    Such sale is certainly not forbidden in express
terms, nor do we find in the language of the devise anything
to lead us to the conclusion that this was the purpose or
intention of the testator.

It is true that he provides that this farm "is to remain
in the possession and under the control of William as long
as he lives," but when we consider this language in con-
nection with the devises over after William's death, first,
to his wife, for a certain period of time, if she shall survive
him, or, second, in case his wife shall have died first, to his
children or the heirs of such of them as may be dead, then
it seems to us that the purpose of these words was merely
to emphasize the right of William to the use, benefit and en-
joyment of this property during his life, without interfer-
ence on part of the remaindermen or any other persons.

Nor does the fact that the testator has fixed a time at
which the farm is to be sold, that is, when William's young-
est child shall attain the age of twenty-one years, if William
shall then be dead and his wife surviving; or at William's
death, if his wife shall have theretofore died, necessarily or

reasonably imply a prohibition against the sale of the property for the purpose of reinvesting its proceeds when such sale will benefit all the parties whom he is seeking to benefit by this devise.   He has directed the sale of the property for the purpose of division between the eight children of William, all of whom were living at the time of the execution of this will and of its probate, after the expiration of William's life estate, because only in that way could it be equally and advantageously divided between these beneficiaries in remainder.

In view of the language of the devise and in the light of former adjudications of this court, we conclude that a sale of this property for the purpose of reinvestment of the proceeds thereof under sec. 491 of the Civil Code, was not prohibited by the will under which the title was held, and therefore the exception on this ground was properly overruled.   (Lindemeier v. Lindemeier, 91 Ky., 264;  McGraw v. Minor, 12 Ky. L. R., 687.)

Then, as to the exception based upon the fact that no bond was executed to the infant defendants as provided in sec. 493 of the Civil Code, it need only be said that, under this section as originally passed, the omission to execute the bond referred to would have been fatally defective and would have rendered the sale absolutely void.   But by an amendment to the Code, approved May 9, 1892, which was prior to the institution of this action, it is provided that no bond shall be required in cases under sec. 491 of the Code where the court shall, by its commissioner, retain the custody and control of the fund arising from the sale, until the same shall be reinvested, and shall order the money to be paid by the commissioner directly to the person from whom the purchase for reinvestment was made, as was practically done in this case.   (Session Acts 1891-92-93, chapter

37, sec. 1, subdiv. 5, page 58.) This ground of exception was therefore properly overruled.

And then, as to appellant's fourth exception, which seems to be based on the idea that, as some of the children of William Y. Wells, the life tenant, may die/before he does, in which event the share of the one dying is to pass to his "heirs," probably meaning children, and as it can not for this reason now be told who may become entitled to take in remainder under this will, therefore the purchaser can not get a perfect title under this proceeding, it is sufficient to say that sec. 491 of the Code was designed to meet such cases and that, although the remainder may be contingent, yet, if the person in being in whom the remainder interest would have vested, if the contingency had happened before the commencement of the action, be properly before the court, as seems to have been the case here, a complete and perfect title may be passed under a proceeding conforming to the provisions of that section and the subsequent sections of the Code regulating such proceedings.

But, as to the only remaining exception filed by appellant to this report of sale, and based on the fact that this was a private sale and not a public sale as required by law, we are of the opinion that this exception should have been sustained. The circuit court in its judgment authorizing this sale has expressly provided and undertaken to empower its commissioner to make this sale privately, and also to sell either for cash, or on certain specified credits, notwithstanding the provisions of section 696 of the Civil Code of Practice, which expressly forbid such private sale or sale for cash, in these words, to wit: "Every sale made under an order of court must be public, upon reasonable credit to be fixed by the court, etc."

There seems to be no room to doubt that the court was

Luttrell v. Wells, &c.

wholly without authority to confer any such power on its commissioner, or that the sale of this property at private sale was unauthorized by law and void.

As to the terms on which the sale was made, it may be well to call attention to the fact that while the judgment of the court provides that the commissioner may make the sale either for cash, or on certain credits therein specified, which credits are within those prescribed by law, and while he did not sell for cash, but sold on credits which the law would authorize, yet he has exceeded the credits prescribed by the judgment itself. His report shows that he has extended the time of payment beyond that which was authorized by the court in its judgment, and this might have been a valid ground of exception for the purchaser if he had chosen to avail himself of it.

But, without further comment, it is enough to say that the sale of this property at private, instead of public, sale was directly in violation of the law regulating such sales, and for this reason the judgment of the lower court confirming the report of sale must be reversed, and this cause remanded for further proceedings consistent with this opinion.