CASE 21.—SUIT BY MADGE W. DEDMAN IN HER OWN RIGHT
        AND AS TRUSTEE FOR HERSELF AND CHILDREN
        AGAINST JAMES WEBB RIDLEY AND ANOTHER
        —June 1, 1909.

## Ridley, &c. v. Dedman, &c.

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

SHACKELFORD MILLER, Judge.

From the judgment defendants appeal.—Affirmed.

Trusts—Management of Trust Estate—Sales—Reinvestment—
    "Real Estate.—Under Civ. Code Prac. Sec. 492, subsec. 1, providing that no sale shall be ordered if forbidden by the trust deed, and sec. 493, subsec. 5, and Ky. St. Sec. 4706, requiring the court ordering a sale of trust lands to retain control of the fund realized by the sale, until the same is invested in "real estate," and authorizing the investment of funds in "real estate," the court may order the sale of real estate in Kentucky conveyed to a trustee with power to sell and reinvest in any property in Kentucky, and may permit a reinvestment of the proceeds in real estate in a sister state; the words "real estate" not being limited to real estate in Kentucky.

CHAS. P. JOHNSON attorney for appellants.

Ridley, &c. v. Dedman, &c.

It has been said "that lawyers can with ease, twist words and meanings as they please; and that language by their skill made pliant, will bend to favor every client."- And while this court must of necessity be composed of lawyers, yet under all the flexibility of the law, I can not of myself discern, with any kind of microscopic observation of this case, how they can in view of the numerous decisions and the Code of Practice governing such matters, the chancellor's opinion can stand. I will therefore put it squarely to the court that this court has no jurisdiction of this question but should it assume to have it must as I understand numerous decisions in Kentucky, reverse the court below. Kalfus v. Davis, 33 Ky. Law Reporter.

E. L. McDONALD and O'NEAL & O'NEAL for appellees.

### POINTS AND AUTHORITIES.

1. A provision in a deed that the property conveyed is to be used as a home by the grantees, does not amount to a condition for the breach of which the title will be defeated, and is ineffectual to control the personal movements of the grantees. Jones on Law of Real Property in Conveyancing, Vol. 1, p. 649.

2. A provision that property is not to be sold by a court, except for reinvestment in another home for the grantees in Louisville, is ineffectual to deprive the court of its statutory jurisdiction to sell such property in a proper case. Jones on Law of Real Property in Conveyancing, Vol. 1, Sec. 737.

3. The prohibition by Sec. 492 of the Code, of sales by order of court in certain cases where forbidden by the deed under which the property is held has no application to a case where a sale is sought of property in which there are defeasable interests under General Statutes, Chap. 63, Art. 6, Sec. 1; Newman v. Ecton, 100 Ky. 653; Scheirich v. Maxwell, 89 S. W., 4, 28 K. L. R. 173;

4. The prohibition against sale by the court is void, and ought to be disregarded, but if valid has been waived by the maker, Webb Ridley. 13 Cyc., 714; Mitchell v. Leavitt, 30 Conn. 587, 590; Bouldin v. Miller, 26 S. W. (Texas) 133; Warfield v. English, 11 Ky. L. R. 263.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1900, in consideration of $5,000 paid by Webb Ridley, the then husband of Madge Ridley, now Dedman, there was conveyed to her as trustee a house

and lot, for the following uses and trusts: "To be used by her as a home for her and her two children, James Webb Ridley and George Whitney Ridley, for and during her natural lifetime, and at her death to descend to her said two children in equal parts, should they survive her, or to the survivors of them, the said children if either should die without leaving issue at his death, and if either of the said children, James Webb Ridley or George Whitney Ridley, or both of them, die leaving issue living at his death, then the above described property shall descend to such issue per stirpes in fee simple, but if both of said children should die without leaving issue living at their death, then and in that event, and upon the death of Mrs. Madge Ridley, the above-described property is to descend to the heirs of the said Webb Ridley; and it is further expressly understood that this conveyance is made for securing a home for the said Mrs. Madge Ridley and her two children, and the above-described property, its rents, issues, profits or income, shall not be subject to the debts, contracts or liabilities of the said Mrs. Madge Ridley or any future husband that she may have, nor can the same be sold for reinvestment or otherwise during the lifetime of the said Mrs. Madge Ridley, except upon a proper application to the proper court at Louisville, Kentucky, and if the same should be sold under the orders and decrees of such court, then the proceeds shall be invested under the decree of said court in some other home in Louisville, Kentucky, for the benefit of the said Mrs. Madge Ridley and her said two children, and subject to all of the foregoing limitations and restrictions and except further that it shall be made fully to appear to such court that it is manifestly to the interest of the said

Ridley, &c. v. Dedman, &c.

Mrs. Madge Ridley and her two said children to make such sale and have the proceeds reinvested in some other home for them in the city of Louisville.''

Soon after this conveyance was made Mrs. Ridley and her husband, Webb Ridley, were divorced, and she married James E. Dedman and removed with him to the city of Birmingham, Ala., where they have since continued to reside; it being their permanent home. The two infant children before mentioned went with their mother to Birmingham, and they have at all times continued to make their home with her. This action was brought by Madge R. Dedman, in her own right and as trustee for herself and children, against the two children for the purpose of obtaining a decree ordering a sale of the house and lot, and a reinvestment of the proceeds in a home in Birmingham, Ala., to be held upon the terms and trusts mentioned in the deed, except those requiring a reinvestment in the city of Louisville. The case having been prepared for trial, the chancellor directed a sale of the property, and the payment of the proceeds into court, but reserved for future adjudication the question of the investment of the proceeds. From this judgment the guardian ad litem prosecutes this appeal, insisting that, as it is not desired or intended that the proceeds shall be invested in another home in the city of Louisville, the chancellor was without power to sell the property.

Subsection 1 of section 492 of the Civil Code of Practice provides that: ''No sale shall be ordered if forbidden by the deed, will or contract under which the property is held.'' We do not think, however, that this section of the Code should be applied to this case. The deed under which the property directed to be sold is held does not forbid a sale. On the con-

trary, it authorizes a sale to be made upon conditions that the proceeds are reinvested in a home in Louisville, Ky. It is manifest from the deed that the purpose the grantor had in mind was to provide a home for his wife and children. It was also contemplated that it might not be desirable or advisable to retain as a home the property mentioned in the deed, and so provision was made for its sale. If it was desired or intended to invest the proceeds in a home in Louisville, no question could arise as to the power of the chancellor to order a sale. Therefore, if the court was without authority to decree a sale, it is solely because the proceeds are to be invested elsewhere than in Louisville in a home. The evidence is convincing that the interests of both the mother and the children will be promoted by a sale and an investment of the proceeds in a home for them at the place where they now reside and intend to live in the future. Unless this can de done, the object of the grantor, as expressed in the deed, will be wholly defeated, as the house conveyed is not and will not be used as a home. If the beneficiaries are to enjoy the property in the manner intended by the grantor, the property must be sold and the proceeds put in a home that can be enjoyed by them. In short, if the request of the petitioner is granted, the intention of all the parties to the conveyance will be carried out; if it is not granted, their intention will be defeated. Under these circumstances, we are unable to perceive any legal obstacle in the way of a decree that will conform not only to the wishes of the grantor but prove beneficial to the grantees. In line with these reasons are the opinions of the court in McGraw v. Miner (Ky.) 12 R. 687, 15 S. W. 6. In that case the daughter took a life estate under a clause in the will reading: "It is my desire

that my said daughter shall have the benefit of the portion of my estate devised her and that she shall not be divested of it during her lifetime, and at her death to be equally divided between her children." In a proceeding to have the estate sold for the purpose of reinvestment, the objection was made that a sale was forbidden by the will; but the court said: "As to the objection that the sale is in contravention of the will, it is apparent that the object of the testator was to secure the estate devised to his daughter for her benefit, and the purpose of thus securing the beneficial interest to the daughter during life was not to prevent a sale, when that interest was still secured to her, but to prevent any such divesting of title as would deprive her of the benefit of the devise." To the same effect is Luttrell v. Wells, 97 Ky. 84, 30 S. W. 10, 16 R. 812; Lindemeier v. Lindemeier, 91 Ky. 264, 15 S. W. 524, 12 R. 706.

Nor do we find any statute preventing the reinvestment of the proceeds in cases like this in real estate in other states, or confining the reinvestment to real property in this state. Subsection 5 of section 493 of the Civil Code of practice provides that: "In the case mentioned in section 491, the court ordering the sale shall, by its commissioner, retain the custody and control of the fund realized by the sale until the same is reinvested in real estate, or in such other property as the funds of persons under disability may be invested by authority of law, and the court shall order the money to be paid, by its commissioner, directly to the person from whom the purchase for reinvestment is made, and to no other person, and in which case no bond shall be required." In section 4706, Ky. St., we find the character of property the funds of persons under disability may be invested in to be

"real estate, mortgage notes or bonds, or in such other interest-bearing or dividend-paying securities as are regarded by prudent business men as safe investments." The "real estate" mentioned in subsection 5, Sec. 493, Civ. Code Prac., and in section 4706, Ky. St., is not limited to real estate situated in this state. The real estate in which the chancellor deems it best for the interests of the persons under disability to have the funds invested may be located in any state, and so, in a case presenting facts like this, the investment may be made in real estate in another state.

Wherefore the judgment of the lower court is affirmed.