## McClure, et al. v. Crume.

(Decided December 15, 1910.)

### Appeal from Nelson Circuit Court.

1. Real Estate—Sale for Reinvestment by Order of Court.—The questions presented in this case are: (1) Has the owner of a particular estate in real property the right to have a sale for the purpose of reinvesting the proceeds in other real estate against the will and consent of the present owners in remainder? (2) If the power is vested in a court of chancery to decree a sale for the purpose of reinvestment at the instance of the owner of the particular estate can the proceeds be invested in a foreign estate? Held, that the property may be sold under the arrangement that the proceeds will be reinvested in other real estate the title to

which must be taken under the same limitations as are contained in the will creating the estate.

2. Same.—Sub-section 5 of section 493 of the Code requires the proceeds to be reinvested in real estate, or in such other property as the funds of the persons under disability may be invested by authority of law.

3. Same.—Under section 494, sub-section 4, it is allowed that the proceeds of infants' lands sold under section 489, Civil Code, may be reinvested in real estate in or out of this State. Respecting sales under section 494 the language is specific. When it says "real estate in or out of this State," it means real estate anywhere.

4. Same.—When it said that "funds may be invested in real estate without limitation upon locality," then there is no limitation. When the Legislature uses a general term without anything being said to limit or qualify it, it is not for the court to presume that, nevertheless, it was meant to be limited. (Judge Nunn dissenting.)

JOHN S. KELLEY and R. C. CHERRY, for appellants.

C. T. ATKINSON, for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

The judgment appealed from is for the sale of real estate in Kentucky and the investment of the proceeds in real estate in Minneapolis, Minnesota. This action was brought by appellee, George P. Crume, who is the owner of a life estate in the land, against appellants, Martha L. McClure, Josie A. Lloyd and Letitia McClure, the owners in being in remainder. Two questions are presented: First—Has the owner of the particular estate in real property the right to have a sale for the purpose of re-investing the proceeds in other real estate, against the will and consent of the present owners in remainder they being adults? Second—If the power is vested in a court of chancery to decree a sale for the purpose of re-investment at the instance of the owner of the particular estate, can the proceeds be invested in a foreign state?

The life estate of appellee, as well as the remainder interests of appellant, was acquired under the will of Nancy J. Foxworthy. By the first clause of her will, she devised the property to her husband, T. S. Foxworthy, for and during his natural life. After the termination of T. S. Foxworthy's life estate, she disposed of the property by the second and third clauses of her will, which are as follows:

"2nd. At the death of said husband same to pass to my nephew, George P. Crume, for life, remainder to his living issue in fee.

"3rd. Should George P. Crume die without issue surviving him, or should he have surviving issue, but all such issue should die before arriving at the age of twenty-one years, then said estate shall pass in fee, to Martha L. McClure, James Crume, Josie A. Crume, and Letitia Crume, share and share alike; should any one die without issue before the happening of said event the survivor to take the whole estate; my intention being that my said nephew and nieces shall enjoy said estate in default of living children or grandchildren of said George P. Crume; but the estate of each child is not to be indefeasible on the arrival at the age of twenty-one years."

T. S. Foxworthy died before the institution of this action, and appellee, George P. Crume, came into possession of his life estate, as provided in the second clause of the will. He has been married for four years, is thirty-nine years of age, and his wife thirty-four. He has always been and is now without issue. Therefore, there is not now nor has there ever been any person to take in remainder under the second clause of the will. James Crume, mentioned in the third clause of the will, died without issue, and his sisters, appellants, took whatever interest he had in the land, and they as well as appellee, are all adults.

The sale in this action was sought and ordered by the lower court under section 491 of the Civil Code, which is as follows:

"In an equitable action by the owner of the particular estate of freehold in possession, or by his guardian or committee, if he be an infant or of unsound mind, against the owner of the reversion or remainder, though he be an infant or of unsound mind; or, if the remainder be contingent, against the person, if in being, in whom it would have vested if the contingency had happened before the commencement of the action, though he be an infant or of unsound mind, and against the owner of the particular estate if he be an infant or of unsound mind, real property may be sold for investment of the proceeds in other real property."

The other sections of the Code authorizing the sale of real property have no application to a case like the

one at bar. If section 491 of the Code did not authorize the court of chancery to make a sale of this property, then the sale was void. In Gossam v. McFerran, 79 Ky. 236, this court held that section 491, Civil Code, supra, was uncontitutional in so far as it authorized the sale of the property of an adult not under disability of infancy or unsound mind. There the estate was owned by a life tenant and a remainderman, neither being under disability, the remainder being vested. But the case here is different. The remainder here is not vested. It is contingent who will take it. It may be that appellants in course of time may become vested with the complete title, a fact to be determined upon the contingency of appellant's dying in their life time without leaving issue, or issue surviving to be twenty-one years of age. Therefore, whether appellants will ever have a certain estate in the land is dependent upon a happening, or a series of happenings in the future. The unborn children or grand-children of appellee have at least an equal chance with appellants to become the owners of the remainder estate. That they are not yet born cannot in law affect their contingent interest. Their interest is no less contingent than is appellants. Therefore, we have the state of case provided for by section 491 of the Civil Code, being an action in equity by the owner of a particular estate of freehold in possession against the persons in being in whom the remainder would have vested if the contingency, to-wit: The life tenant's dying without living issue who should survive to be twenty-one years of age within the lifetime of the defendants, had happened before the commencement of the action. The section deals with a situation beyond the power of the the parties in interest. They could not now convey the title by their deeds. Unless this section gives them relief, they are bound by the rigor of the law to a condition which may be destructive of their enjoyment of their property. The chapter in which section 491 is contained was intended to relieve from just that hardship. The "necessities of justice" require that such a remedy be provided. The person in being who has a contingent interest in the property is required to be joined as the defendant in the proceeding, in order that not only his own interest may be protected by his own watchfulness and judgment, but by their exercise the interest of the unborn contingent remainderman, identical in its character, may also

be protected. Thus is representation provided for the unborn remainderman. The chancellor, too, represents him. The law looks after his property rights. Albeit he may never come into existence. Shall, then, the interest of those who are in being suffer because of his possible future existence and present contingent interest? The Legislature has wisely provided against such injustice.

The property may be sold under this proceeding. The proceeds will be reinvested in other real estate, the title to which must be taken under the same limitations as are contained in the will creating this estate. (Subsection 5, section 493, Civil Code; Harris v. Anderson, 3 Rep. 237; Newman v. Ecton, 100 Ky. 653; Theirich v. Maxwell, 28 Rep. 173.)

It is proposed to reinvest the proceeds of the sale of this land in Minneapolis, Minnesota. Appellants contend that the court is without power to order or suffer a reinvestment in land out of Kentucky. There is nothing in the statute or code forbidding it. Subsection 5, of section 493 of the Code requires the proceeds to be reinvested in real estate, or in such other property as the funds of persons under disability may be invested by authority of law. But here it is proposed only to reinvest in real estate. It is pointed out that in section 494, subsection 4, it is allowed that proceeds of sales of infants' lands sold under section 489, Civil Code, may be reinvested in real estate in or out of this state, &c., and as no such expression is found respecting reinvestments of proceeds under section 491, it is argued that it was intended to restrict such investments to this State. When it is said that funds may be invested in real estate, without limitation upon locality, then there is no limitation. When the Legislature uses a general term, without anything being said to limit or qualify it, it is not for the court to presume that nevertheless it was meant to be limited. Respecting sales under section 489, the language is specific. When it says "real estate in or out of this State," it means real estate anywhere. And when the other section says the proceeds may be invested in real estate, that, too, means real estate anywhere. It is not necessary that the Legislature always employ the same words to convey the same idea. It is sufficient if the words actually employed naturally convey the same meaning. We held that such an investment was author-

ized under similar proceedings brought under section 491, supra, in Ridley, et al. v. Dedman, — Ky. —, 119 S. W. 756.

The opinion delivered February 15th, 1910 (see 125 S. W. 164), is withdrawn, the order reversing the judgment of the circuit court is set aside, and the judgment is now affirmed.

Whole court sitting. JUDGE NUNN dissenting.

The first part of this opinion is as I desired to write it in the first instance, but I cannot agree with the second part, as subdivision 4 of section 494 is made to apply alone to section 489, and does not apply to section 491. Both sections 491 and 489 erred in the same way, and as subsection 4 of section 494 does not apply to 491, this court is without power to sell and invest out of this State.

T. J. NUNN.