## Runyon v. Hatfield, et al.

(Decided May 30, 1913.)

### Appeal from Pike Circuit Court.

1. **Deeds—Construction.**—Where the caption of a deed is to "George Hatfield and Mary Elender Hatfield his wife during their natural life, thence descend to the heirs of their body of the second part," and the granting clause is "unto the said party of the second part, their heirs and assigns forever," and the habendum clause is "unto the said grantee their heirs and assigns forever," the grantees, George and Mary Elender Hatfield, take only a life estate.

2. **Remainders—Contingent—Descent and Distribution.**—Under a Conveyance "during their natural life thence to descend to the heirs of their body," the children of the life tenant take only a contingent remainder which is not the subject of inheritance.

STATON & PINSON for appellant.

ROBERSON, LANGLEY & COOPER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On March 2, 1877, Mitchell Runyon and Margaret Runyon, his wife, conveyed certain lands lying in Pike County, Kentucky, to George Hatfield and Mary Elender Hatfield, his wife. Thereafter by mesne conveyances

the property was conveyed to Albert Runyon, who brought this action against the children of George Hatfield and Mary Elender Hatfield to quiet his title. A demurrer was sustained to his petition and the petition dismissed. From that judgment this appeal is prosecuted.

The propriety of the trial court's action depends on the proper construction of the deed of March 2, 1877, the material parts of which are as follows:

"THIS INDENTURE made this 2nd day of March, 1877, between Mitchell Runyon and Margaret Runyon, his wife, of the county of Pike and State of Kentucky of the first part and George Hatfield and Mary Elender Hatfield his wife during their natural life, thence descend to the heirs of their body of the second part.

"WITNESSETH, That the part of the first party, in consideration of the sum of seven hundred dollars, four hundred dollars, on Jacob Smith, Sr., and three hundred on Ransom Hatfield and George Hatfield, his son hath bargained and sold and by these presents doth convey and confirm unto the said party of the second part their heirs and assigns forever, a certain tract or parcel of land, lying in the county of Pike and State of Kentucky and described as follows, viz:

\* \* \*

"To have and to hold the said property, with its appurtenances thereunto belonging unto the said grantee their heirs and assigns forever. And the said party of the first part doth further covenant with the said party of the second part that they will warrant generally the title to the property hereby conveyed."

It will be observed that in the caption Mitchell Runyon and Margaret Runyon are the parties of the first part, while "George Hatfield and Mary Elender Hatfield his wife during their natural life, thence descend to the heirs of their body" are the parties of the second part. The granting clause is "unto the said party of the second part, their heirs and assigns forever." The habendum clause is "unto the said grantee their heirs and assigns forever."

In construing a deed it will be read as a whole and if, upon a consideration of the whole instrument it appears that it was the intention of the parties to vest a less estate than a fee in the grantee, that intention will be carried into effect. And when the intention as manifested in the language is to convey a life estate with

remainder over, there has been no dispostion to defeat by construction the purpose of the grantor. Harkness v. Meade, 148 Ky., 565; Wilson v. Moore, 146 Ky., 679; Lawson v. Todd, 129 Ky., 133; Atkins v. Baker, 112 Ky., 877. In the present case the granting and habendum clauses are reconcilable with the caption, which plainly shows an intention to vest in George and Elender Hatfield only a life estate.

In this State we have the following statute (Section 2345):

"If any estate shall be given by deed or will to any person for his life and after his death to his heirs, or the heirs of his body, or his issue or his descendents, the same shall be construed to be an estate for life only in such person and a remainder in fee simple in his heirs or the heirs of his body."

The language of the deed brings it within the express terms of the statute, and it therefore follows that George and Mary Elender Hatfield took only a life estate in the property in question.

It appears that George and Mary Elender Hatfield are still alive. Eleven children have been born to them. Of these, two died in infancy and two after arriving at age. All four died intestate and without issue. All the parties, including George and Mary Hatfield, conveyed the title to the land by deeds containing covenants of general warranty. Plaintiff therefore insists that as George and Mary Hatfield inherited the interest of their four children, their interest passed to him under and by virtue of the covenants of warranty. The determination of this question depends upon the character of estate which the children of George and Mary Elender Hatfield took under the deed of March 2, 1877. It is well settled that in the absence of anything in the instrument showing that the words "heirs" or "heirs of the body" were used in the sense of children, a remainder to the life tenant's heirs or the heirs of his body is contingent, for, until his death, it cannot be determined who his heirs will be. Preston on Estates, 77; Fearne on Remainders, 7; 4 Kents Comm., 207; Williamson v. Williamson, 18 B. Mon. 328.

As the interests of the children were contingent upon their surviving their father and mother, and as they did not survive them, it follows that they had no interest which their father and mother could inherit.

Judgment affirmed.