## Tierney Coal Company v. Bailey, et al.

(Decided November 23, 1916.)

## Appeal from Pike Circuit Court.

1.  Judicial Sales—Execution of Bond.—It is not necessary that bond
    be executed before judgment in the sale of land under the pro-
    visions of sections 491 and 491a of the Civil Code of Practice.
2.  Judicial Sales—Contingent Remaindermen—Parties.—It is suffi-
    cient to pass a good title in a sale under the two sections men-
    tioned that the contingent remaindermen in being be made parties
    and brought before the court, although there may yet be born con-
    tingent remaindermen who might have an interest in the land sold.

J. P. HOBSON, JR., for appellant.

AUXIER, HARMON & FRANCIS and JOHN F. AUXIER for
appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Brit Bailey is the owner of an estate for the lives of
George and Mary Elender Hatfield in and to a tract
of 100 acres of land in Pike County, Kentucky, and the
appellees, who are children of George and Mary Elender
Hatfield, are the owners in fee of the tract in remainder.
These remaindermen are and were at the time of the
rendering of the judgment the only ones in esse. Under
the conveyance by which the parties obtained title, the
parties of the second part, being the life tenants and the
remaindermen, are stated to be "George Hatfield and
Mary Elender Hatfield, his wife, during their natural
life, thence descend to the heirs of their body of the
second part." In a contest over the construction of
this deed it was decided in the case of Runyon v. Hat-
field, 154 Ky. 171, that the parties took interest in the
land as above outlined. This suit was subsequently
filed by the life tenant for the life of the elder Hatfields
against the remaindermen in being, as provided by sec-
tions 491 and 491a of the Civil Code of Practice, to pro-
cure judgment for the sale of the land for the purposes
of reinvestment. All of the remaindermen are adults
except two, and they are over the age of fourteen years.
They were not only served with process as required by
the statute, but their statutory guardian joined in the
answer, and for himself and on their behalf made the

same request as is contained in the prayer of the petition.

The testimony shows that the land is barren of timber and is worth but little for agricultural purposes. Its chief value consists in the coal under it. It is also alleged and shown that coal mines are being operated upon the lands adjoining and surrounding it, and if for any reason these mines should be abandoned by exhausting the coal, or for other cause, the tract involved here would lose its value for mining purposes, as the size of the tract would not be sufficient to justify the installing of machinery to mine the coal under it alone. It furthermore appears that if the land could be now sold so as to permit the coal to be mined by some of the surrounding plants, the best possible price could be realized for it. Under these allegations, and the proof sustaining them, judgment was rendered ordering the land sold by the master commissioner, which was done, and it was purchased by appellant for $5,659.55, being $659.55 more than the sum for which the land was appraised by those selected for that purpose. The purchaser filed exceptions to the sale, which exceptions were overruled. and from this judgment this appeal is prosecuted.

We have carefully examined the record, and find that the sections of the statute, both as to allegations and proof, have been literally complied with. There was no bond executed before the judgment ordering the sale, but, under repeated decisions from this court, a sale under the sections of the Code referred to may be ordered without the requirement of a bond. Luttrell v. Wells, 97 Ky. 84; Haggin v. Rogers, 29 Ky. Law Rep. 1236; Chenault v. Caulder, 154 Ky. 777; McClure v. Crume, 141 Ky. 361. Nor does the fact that the title under which the land is held renders it possible for unborn remaindermen to share in the fee to the land militate against the right of the court to order its sale for reinvestment under the section of the Code, *supra*. In fact, section 491a expressly confers the power to order a sale, where the title is conferred as it is here, provided, however, that all persons in being who have an interest in the land are made parties to the proceedings. The precise question was determined in favor of the right to order the sale in the case of McClure v. Crume, *supra*. There is nothing in the title under which the land is held prohibiting such sale.

We, therefore, find no error in the proceedings, and the judgment overruling the exceptions to the sale is affirmed.