**John Wesley CALL et al., etc., Appellants,**

v.

**John George CALL et al., Appellees.**

Court of Appeals of Kentucky.

April 26, 1963.

Jack T. Page, Pikeville, for appellants.

L. D. May, Hobson & Stephens, E. N. Venters, Pikeville, for appellees.

MOREMEN, Judge.

This is an appeal from a judgment of the Pike Circuit Court ordering the sale of real estate for the purpose of reinvestment of the proceeds under KRS 389.040, which reads in part as follows:

"Remainder and contingent interest in real estate may be sold upon petition of any person having a present or vested interest, all persons in being having any interest in such estate being made parties to the action. If the court shall be satisfied that the interest of all concerned would be subserved by such sale, it shall adjudge accordingly; which judgment and sale thereunder shall invest the purchaser with all title of the present and future contingent claimants to the said real estate."

Title to the property with which we are here concerned passed under the will of John Wesley Call. The specific provision reads:

"That the lower building known as the Funeral Parlor and now being used as an undertaking establishment now conducted by J. W. Call and Son go to my grandson JOHN GEORGE CALL, for and during his life time and at his death to his legal heirs, and I now bequeath same to him, so as to include the land and the buildings thereon, and this property extends to the Chesapeake and Ohio Railway Company's Right of Way on the same parallel lines as locates the boundary itself."

John Wesley Call was survived by his son, W. P. Call, and the latter's two children, John George Call and Betty Call Stone. At the time of filing of this action on February 19, 1962, John George Call had two children, John Wesley Call, age 12 and

Jennifer Louise Call, age 9; and his sister, Betty Call Stone, had three children, Carolyn Greer Stone Justice, William B. Stone Jr., and Winnie Stone.

John George Call and his wife, Jennette Call, filed the action as plaintiffs; John Wesley Call and Jennifer Louise Call, the unborn heirs of John George Call, W. P. Call and Betty Call Stone were made defendants and were properly summoned. A guardian ad litem was appointed for the infant children and the unborn heirs of John George Call. W. P. Call and Betty Call Stone filed a disclaimer to any interest in the property. Proof was taken and sale was ordered. After the sale exceptions were filed by the guardian ad litem and the plaintiffs. These were overruled. From the final order overruling exceptions to the commissioner's report wherein the court found that said orders were final and there was no just reason for delay, this appeal has been prosecuted.

Appellant contends (1) the property was not appraised prior to the sale as required by law; (2) the court was acting beyond its authority in ordering the sale of property for cash; (3) the children in being of Betty Call Stone as well as the unborn heirs of Betty Call Stone were necessary parties to the action; and (4) a bond as required by KRS 389.040 was not executed prior to the entry of the judgment and order of sale.

We will discuss the points raised seriatim and under the same numerical headings used by appellant.

■ (1) In fact, the property was appraised prior to the sale. On March 13, 1962, W. R. Wells appraised the property at $55,000. and on the same day William C. Pauley appraised it at $60,000. The property was sold on April 9, 1962, and was purchased for the sum of $70,000. The appraisal was not filed in the record until after the sale. All parties stipulated that the appraisers were competent, qualified men. The fact that the appraisal was filed after

judgment seems of little importance to us. All parties were aware that one had been made and the information was available upon motion or request. There is nothing in subsection (1) of KRS 426.520 that requires that the appraiser's report be filed in court before the date of sale.

■ (2) KRS 426.700 reads in part:

"Every sale made under an order of court must be public, upon reasonable credits to be fixed by the court, not less, however, than three months for personal, nor six months for real property * * *."

In Miller v. Halsey, Ky., 327 S.W.2d 943, it was said:

"The statute provides that every sale of property made under an order of court shall be upon reasonable credits to be fixed by the court, which shall not be less than six months for real property. KRS 426.700, formerly § 696, Civil Code of Practice. Even had the judgment authorized the sale of the land for cash or on less than six months' credit, it would have been erroneous and reversible on appeal unless it was clearly shown the error was not prejudicial."

We believe it is clear from the record that no prejudice resulted from the failure to sell this property on credit. All parties agreed that the appraisers were highly competent men and the property was sold for $10,000 more than the highest appraisal.

■ (3) As noted in the language quoted from KRS 389.040, remainder and contingent interests may be sold upon petition of any person having a present or vested interest, all parties *in being* having any interest in such estate being made parties to the action. All those who were in being were made parties, either as plaintiffs or defendants, and all necessary parties appeared in this suit. In Goff v. Renick, 156 Ky. 588, 161 S.W. 933, the court, quoting

with approval from Luttree v. Wells, 97 Ky. 84, 30 S.W. 10, said:

> "[I]t is sufficient to say that section 491 of the Code (KRS 389.040) was designed to meet such cases, and that, although the remainder may be contingent, yet if the person in being in whom the remainder interest would have vested, if the contingency had happened before the commencement of the action, be properly before the court, as seems to have been the case here, a complete and perfect title may be passed under a proceeding conforming to the provision of that section and the subsequent sections of the Code regulating such proceedings."

See also: McClure v. Crume, 141 Ky. 361, 132 S.W. 433; and Tierney Coal Company v. Bailey, 172 Ky. 362, 189 S.W. 241.

 It may be remarked that there were three children of Betty Call Stone who were in being and who were not made parties to the action. We believe they were not necessary parties because if the contingency had happened before the commencement of the action the title would have vested in the children of John George Call. If by reason of some tragedy all the children of John George Call had been destroyed, the property under another clause of the will would revert to the estate of the original testator to descend according to the laws of descent and distribution. The property then would have vested in testator's son, W. P. Call, or in the event of his death it would have vested in Betty Call Stone. She was made a party to this action. We believe all correct and necessary parties were before the court.

(4) Finally, it is argued that the sale was defective because a bond was not executed prior to the entry of judgment and order of sale. Tierney Coal Co. v. Bailey, 172 Ky. 362, 189 S.W. 241. In the latter case, which involved a sale for reinvest-

ment under Section 491 of the Civil Code of Practice, now KRS 389.040, it was said:

> "There was no bond executed before the judgment ordering the sale, but, under repeated decisions from this court, a sale under the sections of the Code referred to may be ordered without the requirement of a bond. Luttrell v. Wells, 97 Ky. 84, 30 S.W. 10, 16 Ky. Law Rep. 812; Haggin v. Rogers, 97 S.W. 362, 29 Ky.Law Rep. 1263; Caulder v. Chenault, 154 Ky. 777, 159 S.W. 578; McClure v. Crume, 141 Ky. 361, 132 S.W. 433."

The judgment is affirmed.