RENDERED: FEBRUARY 21, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0439-MR

CARRINGTON MORTGAGE
SERVICES, LLC                                                      APPELLANT

v.                   APPEAL FROM LETCHER CIRCUIT COURT
                     HONORABLE JAMES W. CRAFT, II, JUDGE
                     ACTION NO. 22-CI-00166

COMMONWEALTH OF KENTUCKY,
COUNTY OF LETCHER; DAVID
CLARK; DISCOVER BANK; DONNA
BRANHAM; JOHN WILDER,
PURCHASER AT SALE; LARRY
ADAMS; PCA ACQUISITIONS V,
LLC; THE UNKNOWN HEIRS,
BENEFICIARIES, LEGATEES,
DEVISEES OF DON SHEPHERD;
THE UNKNOWN HEIRS,
BENEFICIARIES, LEGATEES,
DEVISEES OF GERALDINE
SHEPHERD, A/K/A JERRIE
SHEPHERD; THE UNKNOWN
SPOUSE OF DONNA BRANHAM;
AND THE UNKNOWN SPOUSE OF
GERALDINE SHEPHERD A/K/A
JERRIE SHEPHERD                                                    APPELLEES

OPINION
REVERSING AND REMANDING

\*\* \*\* \*\* \*\* \*\*

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND CALDWELL, JUDGES.

CALDWELL, JUDGE:  Carrington Mortgage Services, LLC ("Appellant")

appeals from the confirmation of a judicial sale by the Letcher Circuit Court ("the

trial court").  (Appellant was substituted as the plaintiff in a foreclosure suit filed

by Bank of America, N.A. after the mortgage at issue was assigned to Appellant.)

Before we set forth relevant facts or conduct any analysis, we first

note no appellee brief was filed.  Therefore, pursuant to RAP[1] 31(H)(3), we may:

"(a) accept the appellant's statement of the facts and issues as correct; (b) reverse

the judgment if appellant's brief reasonably appears to sustain such action; or (c)

regard the appellee's failure as a confession of error and reverse the judgment

without considering the merits of the case."  As we accept Appellant's statement of

the facts and issues as correct and perceive that Appellant's brief reasonably

appears to call for reversing the trial court's judgment, we reverse and remand with

directions to set aside the judicial sale.

---

[1] Kentucky Rules of Appellate Procedure.

-2-

# FACTS

Given the lack of appellee brief, though we note additional pertinent facts in our analysis, we elect to adopt the statement of facts in Appellant's brief which we quote here:

> Don Shepherd, (deceased, February 13, 2017), and Geraldine Shepherd, (deceased, February 4, 2021), (hereinafter the "Shepherds"), executed a promissory Note, in the original amount of $52,250.00, in favor of Bank of America, N.A. on July 15, 2013. (Trial Court Record, hereinafter "TR," pp. 2-9). The Note is endorsed in blank and Appellant has had possession of the original Note at all relevant times. (TR., pp. 188-223).

> On the same date, the Shepherds executed a Mortgage to secure the debt created by their Note. (TR, pp. 2-9; pp. 188-223). The Mortgage encumbers the real property that is the subject to of this case: 412 Highway 3409, McRoberts, Kentucky, 41835, (hereinafter, the "Property"). The Mortgage is properly assigned to Appellant. The Note and Mortgage are in default for the Shepherd's [sic] February 1, 2021 payment. (TR., pp. 2-9; pp. 188-223).

> Appellant filed suit, seeking an *in rem* judgment enforcing the Note and the Mortgage, on July 22, 2022.) [sic] (TR., pp. 2-9). All parties were served with process. Appellee Donna Branham filed a *pro se* Answer. (TR., p. 65). Appellee Discover Bank also filed an Answer. (TR., pp. 66- 68). No one disputes Appellant's standing or contractual right to foreclose.

> Appellant filed a Motion for Judgment and Order of Sale on September 1, 2023. (TR., pp. 188-223). There was no opposition to the Motion. Accordingly, the trial court entered an Order referring the case to the Master Commissioner for a judicial sale on September

15, 2023. (TR., p. 226). The trial court entered its Judgment and Order of sale on September 21, 2023. (TR., pp. 227-234).

The trial court's Master Commissioner issued a Notice of Sale on September 18, 2023; the judicial sale was set to occur on November 21, 2023. (TR., pp. 239-242). On October 19, 2023, the Court issued an Order appointing Appraisers for the evaluation of the value of the Property, as required by KRS[2] 526.520(1). (TR., p. 238). No Appraisal of the Property was filed in the trial court record, at any time, prior to the date of the judicial sale.

The Shepherds' mortgage loan is owned by Federal National Mortgage Assocation [sic] (FNMA). (TR., pp. 257-264). Their heirs submitted an application for an assumption/loan modification of the loan to Appellant. *Id.* 12 C.F.R.[3] § 1024.41(g) requires a stay of foreclosure proceedings when this application is made. As required by federal law, on October 19, 2023, counsel for Appellant sent a written request for the cancellation of the judicial sale to the trial court's Master Commissioner. (TR., pp. 257-264). The Master Commissioner failed to respond to this request.

Without Appellant's knowledge, the judicial sale was conducted by the Master Commissioner on November 21, 2023. (TR., pp. 247-249). Appellee John Wilder purchased the Property at sale with a successful bid of $20,000.00. *Id.* On November 22, 2023, the Master Commissioner filed his Report of Sale. *Id.* The Report of Sale was the first notice that Plaintiff received that its October 19, 2023 request to cancel had not been acted upon by the Master Commissioner.

---

[2] Kentucky Revised Statutes.

[3] Code of Federal Regulations.

On November 28, 2023, Appellant filed Exceptions to the Report of Sale and a Motion for an Order vacating the sale. ( TR., pp. 257-264). As grounds, Appellant argued: (1) the Master Commissioner failed to respond to a written request for cancellation of the sale as required by 12 C.F.R. §1024.41(g); (2) the Master Commissioner failed to file an Appraisal prior to the sale, as required by KRS 426.520(2); and (3) the Property was sold for a grossly inadequate price, due to the Master Commissioner's foregoing errors. *Id.* No one filed a response. On the following day, the Master Commissioner filed an Appraisal of the Property, which demonstrated that it sold to Mr. Wilder for *half* of its appraised value. (TR., pp. pp. 268-269).

Appellant's Exceptions and Motion to Vacate the sale came before the trial court for a hearing on December 7, 2023. (Video Record, hereinafter "VR," No. 1, 12/07/23; 9:08:40). None of the Appellees appeared. *Id.* At the hearing, the Master Commissioner admitted that he failed to respond to Appellant's written request for cancellation of the sale. (VR., No. 1; 12/07/23; 9:08:56). He further admitted that he failed to properly file an Appraisal in the record before the sale as required by KRS 426.520(2). (VR., No. 1, 12/07/23; 9:12:36).

On December 12, 2023, the trial court issued a two sentence Order overruling Appellant's Exceptions and Motion for an Order vacating the sale. (TR., p, 271)[.] On March 28, 2023,[4] the trial court entered an Order confirming the sale. (TR., pp. 276-279). It is from these Orders that Appellant appeals. (TR., pp. 285-299).

(Appellant brief, pages 1-3) (footnote omitted).

---

[4] This appears to be a typographical error. The order confirming the sale was actually entered on March 28, 2024, rather than on March 28, 2023, based on our review of the record.

Appellant filed a timely appeal. Appellant argues the trial court erred in confirming the judicial sale because the Master Commissioner failed to file an appraisal into the record before the sale and failed to respond to Appellant's written request to cancel the judicial sale pursuant to federal regulations. Appellant contends the trial court should have sustained its exceptions and granted its motion to vacate the sale.

## ANALYSIS

Based on Appellant's unchallenged assertions and pursuant to Kentucky law, we conclude the trial court should have set aside the sale based on the combination of low sales price and the failure to file the appraisal in the record prior to sale.[5] Therefore, we reverse and remand for further proceedings consistent with this opinion.

### Standards of Review

We review a trial court's decision to confirm or set aside a judicial sale for abuse of discretion. *Lerner v. Mortgage Electronic Registration Systems, Inc.*, 423 S.W.3d 772, 773 (Ky. App. 2014). However, we review the trial court's

---

[5] Appellant attached to its exceptions and motions to vacate the sale a copy of an email its counsel allegedly sent to the Master Commissioner requesting cancellation of the sale because "the borrower is now engaged in loss mitigation" and asking the Master Commissioner to confirm the email was sufficient to cancel the sale. (TR, page 264.) The Master Commissioner denied receiving this email based on our review of the hearing on exceptions and the motion to vacate the sale. We decline to reach Appellant's federal law-based argument about how the sale should have been cancelled upon Appellant's alleged written request as unnecessary to our resolution of this appeal. Instead, we reverse the trial court's judgment based on other grounds.

resolution of pure questions of law, including statutory interpretation, *de novo* –

meaning without deference. *Seeger v. Lanham*, 542 S.W.3d 286, 290 (Ky. 2018).

## Applicable Kentucky Law

KRS 426.520 provides:

(1) Before any real property is to be sold under an order or judgment of a court, other than an execution, the commissioner or other officer selling the property shall have it appraised, under oath, by two (2) disinterested, intelligent housekeepers of the county, who may be sworn by the officer. If they disagree, the officer shall act as umpire. If only a part of a tract of land is sold, the part sold shall, after the sale, be revalued in like manner.

(2) The appraisal made shall be in writing, signed by the persons making it, and returned by the commissioner or officer to the court which made the order or rendered the judgment for the sale of the property. Prior to the sale, the appraisal shall be filed among the papers of the cause in which the judgment was rendered or the order made, and entered on the records of the court.

Kentucky AP[6] Part IV, Section 5(2) states:

Before any real property is sold under a judgment and order of sale, the appraisal value shall be determined by two disinterested persons both of whom are actively engaged in or have had at least one year of experience in the field of real estate. In accordance with KRS 426.520(2) the appraisal shall be in writing, shall be signed by the persons making it, and shall be filed in the court record prior to the sale.

---

[6] Kentucky Administrative Procedures of the Court of Justice.

In short, current Kentucky law clearly requires that the local disinterested housekeepers' appraisal be filed into the record prior to the judicial sale occurring. Yet the housekeepers' appraisal was indisputably not filed into the record of this case prior to the judicial sale occurring.

**Appellant's Arguments**

Appellant argues that because the appraisal was not filed into the record before the judicial sale, it was deprived of a final notice that the Master Commissioner had ignored its written request to cancel the sale. Also, it claims that it and the public were deprived of the opportunity to submit informed bids before the sale. Appellant further contends the sale should be set aside due to the combination of a procedural irregularity (the Master Commissioner's failure to file the appraisal into the record prior to sale) and a grossly inadequate sales price.

While we decline to reach Appellant's arguments about its request to cancel the sale, we conclude the trial court erred. The trial court abused its discretion in denying Appellant's motion to vacate the sale based on the Master Commissioner's undisputed failure to file the appraisal in the record prior to sale and the low sale price of $20,000.00 despite the property being appraised for $40,000.00.

**Trial Court Abused its Discretion in Confirming Sale Despite Combination of Inadequate Sales Price and Failure to File Appraisal in Record Prior to Sale**

Generally, an allegedly inadequate sales price is not a sufficient reason to set aside a judicial sale unless the price is so low as to shock the conscience of a court or to indicate fraud. *Lerner*, 423 S.W.3d at 773-74 (affirming trial court's decision to set aside judicial sale because the sales price – 10% of appraised value – shocked the court's conscience). Also, when an inadequate sales price "is accompanied by circumstances, though only slight and insufficient in themselves, which tend to cause it, or where it is attended by apparent unfairness or impropriety or oppression on the part of those connected with the sale, the sale ought to be and will be set aside." *U.S. Bank National Association as Tr. for Registered Holders of Banc of America Merrill Lynch Commercial Mortgage Inc., Commercial Mortgage Pass-Through Certificates 2007-1 v. Courtyards University of Kentucky, LLC*, 594 S.W.3d 205, 208 (Ky. App. 2019) (quoting *Gross v. Gross*, 350 S.W.2d 470, 471 (Ky. 1961)). Moreover, our precedent explicitly recognizes that setting aside a judicial sale may be appropriate where an inadequate sales price is accompanied by errors – especially regarding giving notice – by a Master Commissioner. *See Courtyards*, 594 S.W.3d at 210 ("The circuit court's conclusion comports with our case law, which holds that errors in notice and other irregularities can be grounds for setting aside a sale if the fault lies with the Master Commissioner rather than one of the parties.").

Appellant argues the Master Commissioner's failure to file the appraisal in the record amounted to inadequate notice about the proceedings and led to its not attending the sale and the deflated purchase price. Appellant contends in its brief: "As a result of the failure of notice, the property sold for half of its appraised worth." However, Appellant acknowledges the Kentucky high court held the failure to file an appraisal into the record was insufficient reason to set aside a judicial sale in *Call v. Call*, 367 S.W.2d 274 (Ky. 1963).

Appellant argues *Call* is inapplicable or should be overruled because the prior version of KRS 426.520 then in effect did not require the filing of an appraisal in court before the sale. *See Call*, 367 S.W.2d at 276 ("There is nothing in subsection (1) of KRS 426.520 that requires that the appraiser's report be filed in court before the date of sale.").

While we lack the authority to overrule precedent from our Supreme Court or its predecessor court,[7] *Call*'s holding there was no requirement to file the

_____

[7] *See* Kentucky Supreme Court Rule ("SCR") 1.030(8)(a) ("The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court.") When *Call*, 367 S.W.2d at 274, was rendered in 1963, the then-Court of Appeals was Kentucky's highest court. *See Hoskins v. Maricle*, 150 S.W.3d 1, 6 n.2 (Ky. 2004), (Since 1976, the Kentucky Supreme Court has been Kentucky's highest court. "Prior to January 1, 1976, only one appellate court existed in Kentucky, denominated the court of appeals. The 1975 amendment of the Judicial Article transformed the old court of appeals into the present Supreme Court, 1974 Ky. Acts, ch. 84, § 2(1), (6) – (8), and created a new intermediate court, denominated the Court of Appeals.") (internal quotation marks omitted). *See also* Kentucky Constitution ("Ky. Const.") §§ 109-111 (adopted effective Jan. 1, 1976).

appraisal prior to sale has been superseded by subsequent amendment to KRS 426.520. Following its amendment in 2012,[8] KRS 426.520(2) now clearly requires: "Prior to the sale, the appraisal shall be filed among the papers of the cause in which the judgment was rendered or the order made, and entered on the records of the court."

Moreover, in addition to KRS 426.520(2) having been amended to clearly require filing of the appraisal **before** the judicial sale, this case is significantly factually distinct from *Call*. In *Call*, the Kentucky court stated that despite the appraisal's not being filed in the record prior to sale, the parties were aware the property had been appraised and could have obtained appraisal information upon motion or request. 367 S.W.2d at 276.

In contrast, Appellant pointed out in its exceptions and its motion to vacate the sale that:

---

[8] Prior to the amendment taking effect in 2012, KRS 426.520 (enacted in 1942) stated:

(1) Before any real property is to be sold under an order or judgment of a court, other than an execution, the commissioner or other officer selling the property shall have it appraised, under oath, by two (2) disinterested, intelligent housekeepers of the county, who may be sworn by the officer. If they disagree, the officer shall act as umpire. If only a part of a tract of land is sold, the part sold shall, after the sale, be revalued in like manner.

(2) The appraisal made shall be in writing, signed by the persons making it, and returned by the commissioner or officer to the court which made the order or rendered the judgment for the sale of the property. The appraisal shall be filed among the papers of the cause in which the judgment was rendered or the order made, and entered on the records of the court.

-11-

The Report of Sale omits any reference to the appraised value of the subject property and, although an order appointing appraisers had been entered on October 19, 2023, the court record is devoid of any indication that an appraisal was in fact prepared and certified by the appointed appraisers and filed with the Court.

Appellant also stated in its exceptions and motion to vacate: "Because the appraised value of the subject property is unknown to the Plaintiff [Appellant] or the Court, it is not clear whether a right of redemption exists in this case." In short, Appellant made clear it was not aware of the property's appraised value or even that an appraisal was made prior to the sale.

Also, *Call* is factually distinct because the property at issue therein actually sold for more than its appraised values. *See* 367 S.W.2d at 276 (noting property sold for $70,000 despite one appraisal valuing the property at $55,000 and another at $60,000). In contrast, the property here sold for considerably less than the appraised value – with a $20,000.00 sales price despite the property's value being appraised at $40,000.00.

Given these significant factual distinctions as well as the subsequent material amendment to KRS 426.520, *Call* does not mandate that the judicial sale at issue here must be upheld. Moreover, especially since Appellees have filed no briefs to challenge any of Appellant's assertions or to raise any arguments for

-12-

upholding the trial court's judgment,[9] we conclude it is reasonable to reverse the trial court's confirmation of the judicial sale given the low sales price and the failure to comply with KRS 426.520(2)'s requirement to file the appraisal into the record prior to sale. *See* RAP 31(H)(3)(b). Therefore, we reverse and remand for further proceedings and direct the trial court on remand to not ignore KRS 426.520's requirements when deciding whether to confirm or set aside a judicial sale.

## CONCLUSION

For the reasons stated herein, we REVERSE the trial court's confirmation of the judicial sale and REMAND for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:               NO BRIEF FOR APPELLEES.

John R. Tarter
Aaron A. Schuckman
Louisville, Kentucky

---

[9] Despite its filing exceptions and a motion to vacate the judicial sale, Appellant later filed the motion to confirm the judicial sale and tendered an order (adopted by the trial court) stating that no objections to the judicial sale had been filed. (TR, pp. 272, 280.) However, none of the Appellees filed an appellee brief to address this anomaly or set forth any arguments for affirming the trial court's judgment. Moreover, we decline to make any arguments for these parties. *See Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005) ("It is not our function as an appellate court to research and construct a party's legal arguments[.]").